## TWENTY-FIRST COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '646 Patent)

132. The allegations contained in paragraphs 1 through 131 are incorporated by reference as if fully set herein.

133. IV claims to be the owner and assignee of all rights, title, and interest in and under the '646 patent.

134. On information and belief, IV has not shown that it has the right to bring an action to enforce the '646 patent.

135. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '646 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

136. A judicial declaration that IV lacks standing to enforce the '646 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-SECOND COUNT

### (Declaratory Judgment of Non-Infringement of the '331 Patent)

137. The allegations contained in paragraphs 1 through 136 are incorporated by reference as if fully set herein.

138. IV claims to be the owner and assignee of all rights, title, and interest in and under the '331 patent.

139. IV has accused Plaintiff of infringing the '331 patent through its manufacture, sale, use, and/or importation of certain hardware products and/or integrated circuits, and has asserted that Plaintiff must take a license to the '331 patent to lawfully continue the manufacture, sale, use, and/or importation of the accused integrated circuits.

140. Plaintiff has informed IV that Plaintiff contends it has the right to engage in the manufacture, sale, use, and/or importation of these hardware products and/or integrated circuits without a license to the '331 patent.

141. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '331 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

142. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '331 patent, either literally or under the doctrine of equivalents.

143. A judicial declaration of non-infringement of the '331 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-THIRD COUNT

### (Declaratory Judgment of Invalidity of the '331 Patent)

144. The allegations contained in paragraphs 1 through 143 are incorporated by reference as if fully set herein.

145. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '331 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

146. On information and belief, the '331 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

147. A judicial declaration of invalidity of the '331 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-FOURTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '331 Patent)

148. The allegations contained in paragraphs 1 through 147 are incorporated by reference as if fully set herein.

149. IV claims to be the owner and assignee of all rights, title, and interest in and under the '331 patent.

150. On information and belief, IV has not shown that it has the right to bring an action to enforce the '331 patent.

151. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '331 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

152. A judicial declaration that IV lacks standing to enforce the '331 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-FIFTH COUNT

### (Declaratory Judgment of Non-Infringement of the '415 Patent)

153. The allegations contained in paragraphs 1 through 152 are incorporated by reference as if fully set herein.

154. IV claims to be the owner and assignee of all rights, title, and interest in and under the '415 patent.

155. IV has accused Plaintiff of infringing the '415 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '415 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

156. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '415 patent.

157. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '415 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

158. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '415 patent, either literally or under the doctrine of equivalents.

159. A judicial declaration of non-infringement of the '415 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-SIXTH COUNT

### (Declaratory Judgment of Invalidity of the '415 Patent)

160. The allegations contained in paragraphs 1 through 159 are incorporated by reference as if fully set herein.

161. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '415 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

162. On information and belief, the '415 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

163. A judicial declaration of invalidity of the '415 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-SEVENTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '415 Patent)

164. The allegations contained in paragraphs 1 through 163 are incorporated by reference as if fully set herein.

165. IV claims to be the owner and assignee of all rights, title, and interest in and under the '415 patent.

166. On information and belief, IV has not shown that it has the right to bring an action to enforce the '415 patent.

167. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to

1 enforce the '415 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

168. A judicial declaration that IV lacks standing to enforce the '415 patent is necessary and appropriate in order to resolve this controversy.

### TWENTY-EIGHTH COUNT
**(Declaratory Judgment of Non-Infringement of the '865 Patent)**

169. The allegations contained in paragraphs 1 through 168 are incorporated by reference as if fully set herein.

170. IV claims to be the owner and assignee of all rights, title, and interest in and under the '865 patent.

171. IV has accused Plaintiff of infringing the '865 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '865 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

172. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '865 patent.

173. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '865 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

174. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '865 patent, either literally or under the doctrine of equivalents.

175. A judicial declaration of non-infringement of the '865 patent is necessary and appropriate in order to resolve this controversy.

## TWENTY-NINTH COUNT

### (Declaratory Judgment of Invalidity of the '865 Patent)

176. The allegations contained in paragraphs 1 through 175 are incorporated by reference as if fully set herein.

177. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '865 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

178. On information and belief, the '865 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

179. A judicial declaration of invalidity of the '865 patent is necessary and appropriate in order to resolve this controversy.

## THIRTIETH COUNT

### (Declaratory Judgment of Non-Infringement of the '001 Patent)

180. The allegations contained in paragraphs 1 through 179 are incorporated by reference as if fully set herein.

181. IV claims to be the owner and assignee of all rights, title, and interest in and under the '001 patent.

182. IV has accused Plaintiff of infringing the '001 patent through its manufacture, sale, use, and/or importation of certain software products, and has asserted that Plaintiff must take a license to the '001 patent to lawfully continue the manufacture, sale, use, and/or importation of these software products.

183. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these software products without a license to the '001 patent.

184. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the

1  '001 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV
2  within the meaning of 28 U.S.C. § 2201.

3  185.   On information and belief, Plaintiff has not directly or indirectly infringed any
4  valid and enforceable claims of the '001 patent, either literally or under the doctrine of
5  equivalents.

6  186.   A judicial declaration of non-infringement of the '001 patent is necessary and
7  appropriate in order to resolve this controversy.

### THIRTY-FIRST COUNT

**(Declaratory Judgment of Invalidity of the '001 Patent)**

187.   The allegations contained in paragraphs 1 through 186 are incorporated by reference as if fully set herein.

188.   Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '001 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

189.   On information and belief, the '001 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

190.   A judicial declaration of invalidity of the '001 patent is necessary and appropriate in order to resolve this controversy.

### THIRTY-SECOND COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '001 Patent)**

191.   The allegations contained in paragraphs 1 through 190 are incorporated by reference as if fully set herein.

192.   IV claims to be the owner and assignee of all rights, title, and interest in and under the '001 patent.

193.   On information and belief, IV has not shown that it has the right to bring an action to enforce the '001 patent.

194. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '001 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

195. A judicial declaration that IV lacks standing to enforce the '001 patent is necessary and appropriate in order to resolve this controversy.

### THIRTY-THIRD COUNT

**(Declaratory Judgment of Non-Infringement of the '350 Patent)**

196. The allegations contained in paragraphs 1 through 195 are incorporated by reference as if fully set herein.

197. IV claims to be the owner and assignee of all rights, title, and interest in and under the '350 patent.

198. IV has accused Plaintiff of infringing the '350 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '350 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

199. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '350 patent.

200. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '350 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

201. Upon information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '350 patent, either literally or under the doctrine of equivalents.

202. A judicial declaration of non-infringement of the '350 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-FOURTH COUNT

### (Declaratory Judgment of Invalidity of the '350 Patent)

203. The allegations contained in paragraphs 1 through 202 are incorporated by reference as if fully set herein.

204. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '350 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

205. Upon information and belief, the '350 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

206. A judicial declaration of invalidity of the '350 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-FIFTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '350 Patent)

207. The allegations contained in paragraphs 1 through 206 are incorporated by reference as if fully set herein.

208. IV claims to be the owner and assignee of all rights, title, and interest in and under the '350 patent.

209. On information and belief, IV has not shown that it has the right to bring an action to enforce the '350 patent.

210. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '350 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

211. A judicial declaration that IV lacks standing to enforce the '350 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-SIXTH COUNT

**(Declaratory Judgment of Non-Infringement of the '497 Patent)**

212. The allegations contained in paragraphs 1 through 211 are incorporated by reference as if fully set herein.

213. IV claims to be the owner and assignee of all rights, title, and interest in and under the '497 patent.

214. IV has accused Plaintiff of infringing the '497 patent through its manufacture, sale, use, and/or importation of certain software products, and has asserted that Plaintiff must take a license to the '497 patent to lawfully continue the manufacture, sale, use, and/or importation of these software products.

215. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these software products without a license to the '497 patent.

216. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '497 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

217. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '497 patent, either literally or under the doctrine of equivalents.

218. A judicial declaration of non-infringement of the '497 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-SEVENTH COUNT

**(Declaratory Judgment of Invalidity of the '497 Patent)**

219. The allegations contained in paragraphs 1 through 218 are incorporated by reference as if fully set herein.

220. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '497

26

patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

221. On information and belief, the '497 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

222. A judicial declaration of invalidity of the '497 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-EIGHTH COUNT

### (Declaratory Judgment of Lack of Standing to Enforce the '497 Patent)

223. The allegations contained in paragraphs 1 through 222 are incorporated by reference as if fully set herein.

224. IV claims to be the owner and assignee of all rights, title, and interest in and under the '497 patent.

225. On information and belief, IV has not shown that it has the right to bring an action to enforce the '497 patent.

226. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '497 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

227. A judicial declaration that IV lacks standing to enforce the '497 patent is necessary and appropriate in order to resolve this controversy.

## THIRTY-NINTH COUNT

### (Declaratory Judgment of Non-Infringement of the '669 Patent)

228. The allegations contained in paragraphs 1 through 227 are incorporated by reference as if fully set herein.

229. IV claims to be the owner and assignee of all rights, title, and interest in and under the '669 patent.

27

230. IV has accused Plaintiff of infringing the '669 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '669 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

231. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '669 patent.

232. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '669 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

233. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '669 patent, either literally or under the doctrine of equivalents.

234. A judicial declaration of non-infringement of the '669 patent is necessary and appropriate in order to resolve this controversy.

## FORTIETH COUNT

### (Declaratory Judgment of Invalidity of the '669 Patent)

235. The allegations contained in paragraphs 1 through 234 are incorporated by reference as if fully set herein.

236. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '669 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

237. On information and belief, the '669 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

238. A judicial declaration of invalidity of the '669 patent is necessary and appropriate in order to resolve this controversy.

### FORTY-FIRST COUNT
### (Declaratory Judgment of Lack of Standing to Enforce the '669 Patent)

239. The allegations contained in paragraphs 1 through 238 are incorporated by reference as if fully set herein.

240. IV claims to be the owner and assignee of all rights, title, and interest in and under the '669 patent.

241. On information and belief, IV has not shown that it has the right to bring an action to enforce the '669 patent.

242. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '669 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

243. A judicial declaration that IV lacks standing to enforce the '669 patent is necessary and appropriate in order to resolve this controversy.

### FORTY-SECOND COUNT
### (Declaratory Judgment of Non-Infringement of the '301 Patent)

244. The allegations contained in paragraphs 1 through 243 are incorporated by reference as if fully set herein.

245. IV claims to be the owner and assignee of all rights, title, and interest in and under the '301 patent.

246. IV has accused Plaintiff of infringing the '301 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '301 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

247. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '301 patent.

248. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '301 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

249. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '301 patent, either literally or under the doctrine of equivalents.

250. A judicial declaration of non-infringement of the '301 patent is necessary and appropriate in order to resolve this controversy.

## FORTY-THIRD COUNT

### (Declaratory Judgment of Invalidity of the '301 Patent)

251. The allegations contained in paragraphs 1 through 250 are incorporated by reference as if fully set herein.

252. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '301 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

253. On information and belief, the '301 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

254. A judicial declaration of invalidity of the '301 patent is necessary and appropriate in order to resolve this controversy.

## FORTY-FOURTH COUNT

### (Declaratory Judgment of Non-Infringement of the '061 Patent)

255. The allegations contained in paragraphs 1 through 254 are incorporated by reference as if fully set herein.

256. IV claims to be the owner and assignee of all rights, title, and interest in and under the '061 patent.

257. IV has accused Plaintiff of infringing the '061 patent through its manufacture, sale, use, and/or importation of certain integrated circuits, and has asserted that Plaintiff must take a license to the '061 patent to lawfully continue the manufacture, sale, use, and/or importation of these integrated circuits.

258. Plaintiff has informed IV that Plaintiff contends that it has the right to engage in the manufacture, sale, use, and/or importation of these integrated circuits without a license to the '061 patent.

259. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '061 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

260. On information and belief, Plaintiff has not directly or indirectly infringed any valid and enforceable claims of the '061 patent, either literally or under the doctrine of equivalents.

261. A judicial declaration of non-infringement of the '061 patent is necessary and appropriate in order to resolve this controversy.

## FORTY-FIFTH COUNT

### (Declaratory Judgment of Invalidity of the '061 Patent)

262. The allegations contained in paragraphs 1 through 261 are incorporated by reference as if fully set herein.

263. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to the invalidity of the '061

patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

264. On information and belief, the '061 patent is invalid because of its failure to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

265. A judicial declaration of invalidity of the '061 patent is necessary and appropriate in order to resolve this controversy.

### FORTY-SIXTH COUNT

**(Declaratory Judgment of Lack of Standing to Enforce the '061 Patent)**

266. The allegations contained in paragraphs 1 through 265 are incorporated by reference as if fully set herein.

267. IV claims to be the owner and assignee of all rights, title, and interest in and under the '061 patent.

268. On information and belief, IV has not shown that it has the right to bring an action to enforce the '061 patent.

269. Under all the circumstances in this dispute, IV has, at a minimum, created a substantial, immediate, and real controversy between the parties as to whether IV has standing to enforce the '061 patent. A valid and justiciable controversy has arisen and exists between Plaintiff and IV within the meaning of 28 U.S.C. § 2201.

270. A judicial declaration that IV lacks standing to enforce the '061 patent is necessary and appropriate in order to resolve this controversy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Invention Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC, and requests the following relief:

(A) An adjudication that the '251, '325, '736, '165, '527, '087, '646, '331, '415, '865, '001, '350, '497, '669, '301, and '061 patents (collectively, the

"Asserted Patents") are not infringed by Plaintiff's importation, use, offer for sale, and/or sale in the United States of the Accused Products;

(B) An adjudication that the Asserted Patents are invalid;

(C) An adjudication that IV does not have the right to bring an action to enforce the '251, '325, '736, '165, '527, '087, '646, '331, '415, '001, '350, '497, '669, and '061 patents;

(D) An adjudication in favor of Plaintiff on each of Plaintiff's claims;

(E) An adjudication that this is an exceptional case, and an award of Plaintiff's costs and attorneys' fees by Defendant pursuant to 35 U.S.C. § 285 or otherwise; and

(F) Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6(a), Plaintiff respectfully requests a jury trial on all issues triable thereby.

Date: February 14, 2011

Respectfully submitted,

JONES DAY

By: _____
Behrooz Shariati

*Attorneys for Xilinx, Inc.*

SVI-89728