BLACK & WASHKO LLP
Bradford J. Black (SBN 252031)
bblack@bwlitigation.com
Frank M. Washko (SBN 252010)
fwashko@bwlitigation.com
333 Main Street, Suite 2A
San Francisco, California 94105
Telephone: 415-369-9423
Facsimile:  415-520-6840

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted *pro hac vice*)
mstadnick@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| XILINX, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>INVENTION INVESTMENT FUND I LP,<br>INVENTION INVESTMENT FUND II<br>LLC,<br>INTELLECTUAL VENTURES LLC,<br>INTELLECTUAL VENTURES<br>MANAGEMENT LLC,<br>INTELLECTUAL VENTURES I LLC, and<br>INTELLECTUAL VENTURES II LLC,<br><br>          Defendants. | **Case No. 11-cv-0671-LHK**<br><br>**DEFENDANTS' MOTION TO<br>DISMISS XILINX'S<br>COMPLAINT FOR<br>DECLARATORY JUDGMENT**<br><br>Date:   July 21, 2011<br>Time:  1:30 pm<br>Judge: Hon. Lucy H. Koh<br>Courtroom 4, 5th Floor |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................. 3

III. ARGUMENT ......................................................................................................... 5

    A.  The Declaratory Judgment Claims Concerning the '251, '736, '165, '331, '350, '497, and '061 Patents Must Be Dismissed Under Fed. R. Civ. P. 12(b)(1) and 12(b)(7) Because Xilinx Failed To Sue The Owners Of Those Patents. ............... 5

    B.  The Declaratory Judgment Claims Concerning The '325, '527, '087, '646, '415, '865, '001, '669, and '301 Patents Must Be Dismissed Under Fed. R. Civ. P. 12(b)(1) and 12(b)(2) Because The Declaratory Judgment Complaint Fails To State Allegations Sufficient To Establish A *Prima Facie* Showing Of Personal Jurisdiction Over Intellectual Ventures I LLC And Intellectual Ventures II LLC, The Owners Of Those Patents. ................... 8

    C.  The Declaratory Judgment Claims Concerning Validity And Infringement Must Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because The Declaratory Judgment Complaint Fails To State A Plausible Claim .............................. 10

        1.  The Declaratory Judgment Claims Concerning Validity Merely Cite The Patent Statute And Therefore Fail To Allege Enough Facts To State A Claim For Relief That Is Plausible On Its Face. ................................ 12

        2.  The Declaratory Judgment Claims Concerning Infringement Fail To Specify Any Particular Products, Conduct, Or Patent Claims And Therefore Fail To Allege Enough Facts To State A Claim For Relief That Is Plausible On Its Face. ................................................... 13

    D.  The Declaratory Judgment Claims Concerning Patent Ownership And Standing Must Be Dismissed Because The Declaratory Judgment Complaint Fails To Establish Personal Jurisdiction Over Intellectual Ventures I LLC And Intellectual Ventures II LLC, The Only Named Parties That Claim To Own The Patents-In-Suit And Possess Standing To Sue ................................... 15

    E.  Absent Dismissal, The Declaratory Judgment Claims Concerning Patents At Issue In The Co-Pending Delaware Action Should Be Severed And Transferred To The District Of Delaware ............................................. 16

        1.  Xilinx Could Have Filed Its Claims In The District Of Delaware. ..................... 17

        2.  Judicial Economy Considerations Favor Severance And Transfer Of Overlapping Claims To Delaware. ...................................................... 18

        3.  The Convenience Of Witnesses, Particularly Non-Party Witnesses, Strongly Favors Severance And Transfer Of Overlapping Claims To Delaware. .............. 20

IV. CONCLUSION .................................................................................................... 21

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*A. J. Industries, Inc. v. U.S. Dist. Court for Central Dist. of California*,
 503 F.2d 384 (9th Cir. 1974) ........................................................................ 19

4

5

*A123 Sys., Inc. v. Hydro-Quebec*,
 626 F.3d 1213 (Fed. Cir. 2010) ..................................................................... 7

6

*ADE Corp. v. KLA-Tencor Corp.*,
 138 F. Supp. 2d 565 (D. Del. 2001).............................................................. 20

7

*Alexander v. Franklin Resources, Inc.*,
 No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007)...................... 20

8

9

*Aliphcom v. Wi-LAN*,
 No. 10-CV-02337-LHK, 2010 WL 4699844 (N.D. Cal. Nov. 10, 2010)............ 19, 20

10

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009)............................................................ 2, 10, 11, 12

11

12

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
 552 F.3d 1324 (Fed. Cir. 2008) .......................................................... 8, 9, 16

13

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................ 11, 15

14

15

*Bender v. LG Electronics U.S.A., Inc.*,
 No. C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010)............. 11, 13, 14

16

*Bender v. Motorola, Inc.*,
 No. C 09-1245 SBA, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010)........................ 14

17

18

*Benetic Austl. Ltd. v. Nucleonics, Inc.*,
 495 F.3d 1340 (Fed. Cir. 2007) ................................................................... 6

19

*Calder v. Jones*,
 465 U.S. 783 (1984)............................................................................ 9

20

21

*Center for Food Safety v. Vilsack*,
 No. C 11-00831 JSW, 2011 WL 996343 (N.D. Cal. Mar. 17, 2011) .................. 17

22

*Continental Grain Co. v. The FBL-585*,
 364 U.S. 19 (1960)............................................................................ 18

23

24

*CTF Development, Inc. v. Penta Hospitality, LLC*,
 No. C 09-02429 WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .............. 11

25

*Elan Microelectronics Corp. v. Apple, Inc.*,
 No. C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ................ 14

26

27

28

*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
  No. C 07-05534 CRB, 2008 WL 276567 (N.D. Cal. Jan. 29, 2008) ................................ 16

*Fina Research, S.A. v. Baroid Ltd.*,
  141 F.3d 1479 (Fed. Cir. 1998) .................................................................................. 6

*Gamble v. GMAC Mortg. Corp.*,
  No. C-08-05532-RMW, 2009 WL 400359 (N.D. Cal. Feb. 18, 2009) ............................ 13

*Grid Systems Corp. v. Texas Instruments, Inc.*,
  771 F. Supp. 1033 (N.D. Cal. 1991) ................................................................ 10, 12, 13

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003).............................. 14

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ................................................................................ 16

*In re Volkswagen of America, Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ................................................................................ 18

*International Shoe Co. v. State of Wash., Office of*
  *Unemployment Compensation and Placement*,
  326 U.S. 310 (1945) .......................................................................................... 17, 18

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................... 17

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
  240 F.3d 1016 (Fed. Cir. 2001) ................................................................................. 7

*Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*,
  No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010)............................... 7

*PB Farradyne, Inc. v. Peterson*,
  No. C 05-03447 SI, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006) ................................... 13

*Qarbon.com Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................ 10, 13

*Quantum Corp. v. Riverbed Tech., Inc.*,
  No. C 07-04161-WHA, 2008 WL 314490 (N.D. Cal. Feb. 4, 2008) ................................ 6

*Regents of the University of California v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ................................................................................ 17

*Samsung Elecs. Co. v. Rambus, Inc.*,
  523 F.3d 1374 (Fed. Cir. 2008) .................................................................................. 6

*Schrieber Foods, Inc. v. Beatrice Cheese, Inc.*,
  402 F.3d 1198 (Fed. Cir. 2005) .................................................................................. 6

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ................................................................................... 6

*Top Victory Elecs. v. Hitachi Ltd.*,
  No. 10-01579-CRB, 2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ........................ 6, 7, 15

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
  395 F.3d 1275 (Fed. Cir. 2005) ....................................................................... 10

**Statutes**

28 U.S.C. § 1404(a) ....................................................................................... 16, 18

35 U.S.C. § 281 ................................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................... passim

Fed. R. Civ. P. 12(b)(2) ............................................................................... passim

Fed. R. Civ. P. 12(b)(3) ................................................................................... 10

Fed. R. Civ. P. 12(b)(6) ............................................................................... passim

Fed. R. Civ. P. 12(b)(7) ..................................................................................... 7

Fed. R. Civ. P. 19 .............................................................................................. 7

Fed. R. Civ. P. 21 ............................................................................................. 17

Fed. R. Civ. P. 8 .............................................................................................. 13

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 10

1      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 12 and

2  Civil L.R. 7-2, Defendants Invention Investment Fund I LP, Invention Investment Fund II

3  LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual

4  Ventures I LLC, and Intellectual Ventures II LLC (collectively, "Defendants") respectfully

5  move the Court to dismiss Plaintiff Xilinx, Inc.'s Complaint For Declaratory Judgment Of

6  Patent Non-Infringement And Invalidity (the "Complaint") in its entirety.  In the alternative,

7  Defendants move this Court to sever and transfer to the District of Delaware declaratory

8  claims concerning the validity and infringement of patents already at issue between the

9  parties in a co-pending infringement action.  This motion will be heard on July 21, 2011, at

10  1:30 pm, or as soon thereafter as the matter can be heard by the Honorable Lucy H. Koh in

11  Courtroom 4 of the above-titled Court.

12      Defendants' motion is further based on the below memorandum of points and

13  authorities, the supporting declaration filed concurrently herewith, all pleadings, exhibits and

14  papers on file in this action, and any other matters properly before the Court.

## I. INTRODUCTION

16      While engaged in routine patent license discussions, Plaintiff Xilinx, Inc.

17  ("Xilinx")—without warning—filed this suit against Intellectual Ventures Management LLC

18  ("IV Management") and several related entities (collectively, "the Defendants").  Xilinx

19  asserts 46 claims for declaratory relief, challenging the validity, infringement, and/or

20  ownership of 16 separate patents ("the Patents-in-Suit").  The timing and circumstances of

21  Xilinx's Complaint suggest that Xilinx filed it to secure leverage in its negotiations with IV

22  Management.  But in its rush to the courthouse, Xilinx overlooked several fatal flaws in its

23  pleadings.

24      *First*, seven of the Patents-in-Suit are owned by entities that are not named parties in

25  this lawsuit.  Nor have the Defendants claimed any right to bring suit on those patents in their

26  own capacity.  Those dispositive facts—which Xilinx could have readily ascertained had it

27  bothered to conduct even a rudimentary pre-suit investigation—deprive Xilinx of standing to

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT           PAGE 1
Case No. 11-cv-0671-LHK

1  pursue its purported claims concerning the seven affected patents. Xilinx's claims relating
2  to Patents-in-Suit that are owned by non-parties should therefore be dismissed pursuant to
3  Fed. R. Civ. P. 12(b)(1).

4      *Second*, the remaining nine Patents-in-Suit are owned by two of the Defendants—
5  either Intellectual Ventures I LLC or Intellectual Ventures II LLC. Despite naming both
6  patent owners as parties, Xilinx's Complaint fails to set forth allegations sufficient to state a
7  *prima facie* case of personal jurisdiction over either of those entities in this District. Xilinx's
8  claims concerning Patents-in-Suit that are owned by Intellectual Ventures I LLC and
9  Intellectual Ventures II LLC should therefore be dismissed pursuant to Fed. R. Civ. P.
10  12(b)(1) and 12(b)(2), disposing of Xilinx's Complaint in its entirety.

11      *Third*, Xilinx's Complaint fails to set forth factual allegations sufficient to state
12  claims for declaratory relief regarding the invalidity or non-infringement of any of the
13  Patents-in-Suit. Under controlling Supreme Court authority, Xilinx cannot predicate such
14  claims solely on "labels and conclusions or a formulaic recitation of the elements of a cause
15  of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Yet
16  Xilinx's claims seeking declarations of invalidity simply cite four sections of the Patent Act
17  without identifying any prior art or otherwise asserting facts to suggest a non-speculative
18  theory that any claim of the Patents-in-Suit is invalid. Xilinx's pleadings concerning its
19  alleged non-infringement, on the other hand, fail to identify any particular product, conduct,
20  or patent claim for which Xilinx seeks a declaration of non-infringement. Xilinx's
21  declaratory relief claims concerning invalidity and non-infringement should therefore be
22  dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

23      *Fourth*, Xilinx's Complaint fails to set forth allegations to support its declaratory
24  claims regarding standing and ownership of the Patents-in-Suit. Four of the named
25  defendants do not claim to own any of the Patents-in-Suit or possess the right to initiate an
26  infringement action on those patents. No case or controversy therefore exists between Xilinx
27  and those four defendants. And while the remaining two defendants do claim ownership and

28

1 the right to sue under a subset of the Patents-in-Suit, Xilinx fails to set forth plausible

2 allegations supporting a finding of personal jurisdiction as to those defendants.  Xilinx's

3 declaratory relief claims concerning ownership and standing should therefore be dismissed

4 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

5        *Finally*, twelve of Xilinx's claims are mirror-image declaratory counts that parallel

6 infringement claims and defenses raised in an action against Xilinx (and three of Xilinx's

7 competitors) currently pending before the United States District Court for the District of

8 Delaware.  *See Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, 10-cv-1065-LPS (D.

9 Del.) ("the Delaware Action").  By pressing those counts in this Court, Xilinx seeks to spawn

10 wasteful, duplicative litigation in multiple jurisdictions.  Xilinx cannot meritoriously object

11 to the convenience of consolidating the overlapping claims with the Delaware Action

12 because Xilinx itself is a Delaware corporation, and consolidation in that forum will obviate

13 the burden of duplicative litigation on the parties, Courts, and third-party witnesses.

14 Accordingly, should this Court elect not to dismiss Xilinx's Complaint, both judicial

15 economy and convenience favor severance and transfer of Xilinx's mirror-image declaratory-

16 judgment claims so that they can be consolidated with the Delaware Action.

17                          **II. FACTUAL BACKGROUND**

18        IV Management was founded in 2000 to create a novel, dynamic marketplace for

19 invention.  IV Management and its affiliates have built a portfolio of over 30,000 intellectual

20 property assets through innovation in their own labs, collaboration with other inventors, and

21 acquisition.  IV Management offers those inventions to investors through licensing and

22 partnership programs.

23        In 2010, Xilinx and IV Management were engaged in discussions concerning a

24 potential license to certain patents.  Around the same time, IV Management was also engaged

25 in patent license negotiations with several other companies, including Altera Corporation

26 ("Altera"), Lattice Semiconductor Corporation ("Lattice"), and Microsemi Corporation

27 ("Microsemi").  Discussions regarding those parties' need for a license escalated, and on

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT                                    PAGE 3
Case No. 11-cv-0671-LHK

December 8, 2010, two affiliates of IV Management—Intellectual Ventures I LLC and

Intellectual Ventures II LLC—filed a complaint in the District of Delaware for infringement

of U.S. Patent Nos. 5,675,808, 5,687,325, 6,260,087, 6,272,646, and 6,993,669.  (Complaint,

*Intellectual Ventures I LLC et al. v. Altera Corp. et al.*, 10-cv-1065-LPS (D. Del. Dec. 8,

2010) ("the Delaware Action")).[1]  Xilinx was not initially named as a defendant in the

Delaware Action.  Altera, Lattice, and Microsemi have each asserted counterclaims seeking a

declaration of invalidity of the patents asserted in the Delaware Action.[2]

After the Delaware Action was filed, Xilinx and representatives of IV Management

continued discussions concerning broadening a business relationship between the parties.

Responding to a Xilinx request, IV Management provided a list of patents that it believed

might be of interest to Xilinx.  For nearly two months, the parties engaged in dialogue and

were on the verge of reaching a non-disclosure agreement to allow more detailed technical

discussions to proceed.  Then, without warning, Xilinx terminated the discussions and—on

the same day as the last meeting between the parties—cobbled together and filed its

Complaint.

The Complaint names six defendants:  Invention Investment Fund I LP, Invention

Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management

LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC (collectively,

"Defendants").  (D.I. 1)  Five of the named defendants were served on February 15, 2011.

(D.I. 11-15)  The sixth appears to have been served on February 17, 2011.

Xilinx's Complaint seeks a declaration that, "through its manufacture, sale, use,

and/or importation of certain integrated circuits," Xilinx does not infringe U.S. Patent Nos.

5,524,251 ("the '251 patent"), 5,687,325 ("the '325 patent"), 5,751,736 ("the '736 patent"),

5,887,165 ("the '165 patent"), 6,252,527 ("the '527 patent"), 6,260,087 ("the '087 patent"),

6,272,646 ("the '646 patent"), 6,321,331 ("the '331 patent), 6,408,415 ("the '415 patent"),

---

[1] *See* Declaration of Ameet A. Modi In Support of Defendants' Motion to Dismiss Xilinx's
Complaint For Declaratory Judgment ("Modi Decl.") at ¶ 2, Ex. A.
[2] Modi Decl. at ¶¶ 3-5, Exs. B-D.

1  6,687,865 ("the '865 patent"), 6,698,001 ("the '001 patent"), 6,747,350 ("the '350 patent"),

2  6,768,497 ("the '497 patent"), 6,993,669 ("the '669 patent"), 7,080,301 ("the '301 patent"),

3  and 7,100,061 ("the '061 patent") (collectively, the "Patents-in-Suit").  (*See, e.g.*, D.I. 1 at

4  ¶ 27)  Similarly, in its Prayer for Relief, Xilinx seeks an adjudication that the sixteen patents

5  are not infringed by Xilinx's "importation, use, offer for sale, and/or sale in the United

6  States" of the "Accused Products"—a term used only once in the Complaint, and without

7  definition.  (*Id*. at 32-33, subpara. (A))  The Complaint additionally seeks a declaration that

8  each patent is invalid "because of its failure to comply with one or more of the requirements

9  of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102,

10  103, and/or 112."  (*See, e.g.*, *id*. at ¶ 34)  Finally, the Complaint seeks a declaration that the

11  Defendants do not have standing to enforce fourteen of the patents identified in the

12  Complaint—an allegation which, if accepted as true, would eliminate Xilinx's standing to

13  bring this action in the first place.  (*See, e.g.*, *id*. at ¶¶ 36-40)

14         On February 15, 2011, Defendants Intellectual Ventures I LLC and Intellectual

15  Ventures II LLC amended their complaint in the District of Delaware to add allegations

16  against Xilinx for infringement of the '325, '087, '646, and '669 patents.[3]  Accordingly,

17  mirror-image claims concerning Xilinx's infringement of those four patents are now pending

18  both in this Court and in the Delaware Action.  Xilinx's response to the Amended Complaint

19  in the Delaware Action is due the same day as this motion.

20                                    **III. ARGUMENT**

21  **A.    The Declaratory Judgment Claims Concerning the '251, '736, '165, '331, '350,
          '497, and '061 Patents Must Be Dismissed Under Fed. R. Civ. P. 12(b)(1) and
22          12(b)(7) Because Xilinx Failed To Sue The Owners Of Those Patents.**

23         In its rush to the courthouse, Xilinx failed even to bother naming as defendants the

24  owners of seven of the Patents-in-Suit.  Xilinx's claims concerning those patents cannot

25  proceed without the owners.  The declaratory judgment claims concerning the '251, '736,

26  '165, '331, '350, '497, and '061 patents must therefore be dismissed.

27  ─────────────────────
    [3] Modi Decl. at ¶ 6, Ex. E.
28
    DEFENDANTS' MOTION TO DISMISS COMPLAINT                                    PAGE 5
    Case No. 11-cv-0671-LHK

1    Article III, Section 2 of the U.S. Constitution restricts the scope of subject matter

2    jurisdiction of the federal courts to lawsuits that present a justiciable case or controversy.  *See*

3    *Samsung Elecs. Co. v. Rambus, Inc*., 523 F.3d 1374, 1378 (Fed. Cir. 2008).  "Standing to sue

4    or defend is an aspect of the case-or-controversy requirement."  *Id*.  The party asserting

5    standing bears the burden to establish that such jurisdiction existed at the time the claim for

6    declaratory judgment was filed and that it has continued since.  *Benetic Austl. Ltd. v.*

7    *Nucleonics, Inc*., 495 F.3d 1340, 1344 (Fed. Cir. 2007).

8    In patent infringement cases, only patent owners, their assignees, and their exclusive

9    licensees typically have standing to sue for infringement.  *See* 35 U.S.C. § 281; *Sicom Sys.,*

10   *Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 976 (Fed. Cir. 2005).  A putative plaintiff that falls

11   outside one of these categories lacks Article III standing, a "jurisdictional defect" requiring

12   dismissal which "cannot be cured by the addition of a party with standing."  *Schrieber*

13   *Foods, Inc. v. Beatrice Cheese, Inc*., 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citations

14   omitted); *see also Quantum Corp. v. Riverbed Tech., Inc*., No. C 07-04161-WHA, 2008 WL

15   314490, at *3 (N.D. Cal. Feb. 4, 2008) (dismissing claims due to plaintiff's lack of standing

16   and noting that "a rush to sue" cannot excuse standing defect).  Likewise, "[i]n order for a

17   plaintiff to have standing in a declaratory action involving allegations of patent infringement,

18   the defendant must have a legal right in the patent at issue that would allow the defendant to

19   bring suit for infringement."  *Top Victory Elecs. v. Hitachi Ltd*., No. 10-01579-CRB, 2010

20   WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010) (citing *Fina Research, S.A. v. Baroid Ltd*., 141

21   F.3d 1479, 1481 (Fed. Cir. 1998)).  "This reasoning follows from the test itself, which refers

22   to the 'patentee' and threat of an infringement suit, which can only be properly brought by a

23   patent owner, assignee, or exclusive licensee."  *Top Victory*, 2010 WL 4722482, at *2 (citing

24   *Sicom Sys*., 427 F.3d at 976 and *Fina Research*, 141 F.3d at 1481).  Dismissal is therefore

25   warranted where a declaratory judgment plaintiff fails to name the owner, assignee, or

26   exclusive licensee of the patent as a defendant.  *Newmatic Sound Sys., Inc. v. Magnacoustics,*

27

28

*Inc.*, No. C 10-00129 JSW, 2010 WL 1691862, at *2 (N.D. Cal. Apr. 23, 2010) (citing

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001)).

Here, a simple search of the online PTO assignment database would have revealed to

Xilinx that seven of the patents identified in its Complaint are owned by entities *not* named

as Defendants.  Those patents, along with their owners, are identified in the following chart:

| Patent | Owner/assignee |
|---|---|
| 5,524,251 | Detelle Relay KG, LLC |
| 5,751,736 | Roldan Block NY, LLC |
| 5,887,165 | Latrosse Technologies, LLC |
| 6,321,331 | TR Technologies Foundation LLC |
| 6,747,350 | Taichi Holdings, LLC |
| 6,768,497 | Noregin Assets N.V., LLC |
| 7,100,061 | Intellectual Venture Funding LLC |

(*See* Modi Decl., ¶¶ 7-13, Exs. F-L)  Xilinx's Complaint asserts no factual allegations

disputing the PTO assignment records.  To the contrary, Xilinx affirmatively pleads that the

Defendants named in the Complaint *do not* own the Patents-In-Suit or possess the right to

enforce them.  (*See, e.g.*, D.I. 1 at ¶¶ 36-40)

To establish standing for its declaratory judgment claims, Xilinx was required to

name as defendants the parties that own and have legal right to sue for infringement of those

patents.[4]  *Top Victory*, 2010 WL 4722482, at *2.  It failed.  Because none of the defendants

named in Xilinx's Complaint have standing to sue for infringement of the '251, '736, '165,

'331, '350, '497, and '061 patents, Xilinx lacks the requisite standing for its declaratory

claims involving those patents.  *Id*.  Those claims should accordingly be dismissed pursuant

to Fed. R. Civ. P. 12(b)(1).

---

[4] Indeed, parties that own and possess the legal right to initiate suit for patent infringement
are typically necessary parties under Fed. R. Civ. P. 19.  *A123 Sys., Inc. v. Hydro-Quebec*,
626 F.3d 1213, 1217 (Fed. Cir. 2010).  Because Xilinx failed to name those necessary parties
as defendants in this action, Xilinx's claims concerning the '251, '726, '165, '331, '350,
'497, and '061 patents must be dismissed.  Fed. R. Civ. P. 12(b)(7).

**B.     The Declaratory Judgment Claims Concerning The '325, '527, '087, '646, '415, '865, '001, '669, and '301 Patents Must Be Dismissed Under Fed. R. Civ. P. 12(b)(1) and 12(b)(2) Because The Declaratory Judgment Complaint Fails To State Allegations Sufficient To Establish A *Prima Facie* Showing Of Personal Jurisdiction Over Intellectual Ventures I LLC And Intellectual Ventures II LLC, The Owners Of Those Patents.**

The remaining nine Patents-in-Suit are owned by Intellectual Ventures I LLC and Intellectual Ventures II LLC.  While Xilinx names those entities as Defendants, the Complaint fails to set forth allegations sufficient to establish a *prima facie* showing of personal jurisdiction over either of those entities in this forum.  The declaratory judgment claims concerning the '325, '527, '087, '646, '415, '865, '001, '669, and '301 patents must therefore be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

Federal Circuit law controls questions of personal jurisdiction in declaratory judgment actions involving patents.  *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008).  An action seeking a declaration of noninfringement, invalidity, or unenforceability of a patent requires personal jurisdiction—either by virtue of specific or general jurisdiction—over the owner, assignee, or exclusive licensee of the patent. *See id*. at 1329-30.  Where the parties have not yet conducted discovery, the declaratory plaintiff must make a *prima facie* showing that the defendants are subject to personal jurisdiction.  *Id*. at 1328-29.  That requirement applies equally in declaratory judgment actions.  *Id*. at 1332 n.2 ("[T]he independent requirement of personal jurisdiction over the defendant remains an important and independent limit on the power of federal courts [and] the extent to which declaratory judgment jurisdiction may be more easily found makes the personal jurisdiction inquiry that much more important").

To establish specific jurisdiction, a plaintiff must demonstrate that the defendant "purposefully directed" his activities at the residents of the forum, and that the litigation results from alleged injuries that "arise out of or relate to" those activities.  *Id*. at 1330.  Plaintiffs bear an even higher burden to establish "minimum contacts" with a forum to

1    support general jurisdiction.  *Id*.  Accordingly, "each defendant's contacts with the forum

2    State must be assessed individually."  *Id.* at 1329 (citing *Calder v. Jones*, 465 U.S. 783, 790

3    (1984)).

4         Here, as the PTO assignment database reflects, Defendant Intellectual Ventures I

5    LLC owns the '865, '669, and '301 patents.  (Modi Decl. at ¶ 14-16, Exs. M-O)  Defendant

6    Intellectual Ventures II LLC owns the '325, '527, '087, '646, '415, and '001 patents.  (*Id.* at

7    ¶ 17-22, Exs. P-U)  To survive a motion to dismiss those entities—along with the claims

8    concerning their patents[5]—Xilinx must therefore establish a *prima facie* showing that this

9    Court has personal jurisdiction over Intellectual Ventures I LLC and Intellectual Ventures II

10   LLC.  *See Avocent*, 552 F.3d at 1328-29.

11        But consistent with the pervasive lack of clarity in its Complaint, Xilinx includes only

12   a boilerplate allegation that this Court has personal jurisdiction over each Defendant "by

13   virtue of their sufficient minimum contacts with this forum as a result of the business they

14   conduct" within California and this District, and that "each of the Defendants is otherwise

15   subject to the jurisdiction of this Court."  (D.I. 1 at ¶¶ 4, 6)  Xilinx does not even address

16   jurisdiction with respect to individual Defendants—instead, Xilinx refers to the six

17   Defendants collectively as "IV."  *Cf. Calder*, 465 U.S. at 790 ("each defendant's contacts

18   with the forum State must be assessed individually").  Such allegations fall far short of

19   Xilinx's burden to establish a *prima facie* showing that ***any*** of the Defendants is subject to

20   personal jurisdiction in this case.  *See Avocent*, 552 F.3d at 1338 (holding that the declaratory

21   plaintiff's bare assertion of unspecified sales and marketing activity "directly or through their

22   agents or affiliates," and its failure to explain the relationship between corporate entities

23   supporting a finding of jurisdiction, rendered the complaint "fatally deficient").  Indeed,

24   given that Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC are

25

26   ───────────────
     [5] Once Intellectual Ventures I LLC and Intellectual Ventures II LLC are dismissed from this
     action under Fed. R. Civ. P. 12(b)(2), Xilinx's claims concerning patents owned by those

27   entities will lack standing for the reasons set forth in Section III(A), requiring their dismissal
     under Fed. R. Civ. P. 12(b)(1).

28

1   Delaware limited liability companies that were formed in December 2010, barely four

2   months ago, and have conducted no business in California, the allegations in Xilinx's

3   Complaint do not remotely approach a *prima facie* showing of personal jurisdiction.  Xilinx's

4   claims with respect to the '325, '527, '087, '646, '415, '865, '001, '669, and '301 patents

5   should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).[6]

6   **C.    The Declaratory Judgment Claims Concerning Validity And Infringement Must
       Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because The Declaratory Judgment
7      Complaint Fails To State A Plausible Claim.**

8           Xilinx's declaratory judgment claims concerning validity and infringement must be

9   dismissed because those claims fail to allege facts sufficient to state a claim for relief that is

10  plausible on its face.  Xilinx's claims concerning validity merely cite to "35 U.S.C. §§ 101,

11  102, 103, and/or 112."  Xilinx's claims concerning infringement, in turn, fail to specify any

12  particular products, conduct, or patent claims.  Controlling authority governing the specificity

13  of pleadings demands more.  Accordingly, Xilinx's declaratory judgment claims concerning

14  validity and infringement should be dismissed under Fed. R. Civ. P. 12(b)(6).

15          A complaint must contain a "short and plain statement of the claim showing that the

16  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Court has long recognized that

17  "[e]ffective notice pleading should provide the defendant with a basis for assessing the initial

18  strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related

19  counter- or cross-claims, and for preparing an appropriate answer."  *Qarbon.com Inc. v.*

20  *eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) (citing *Grid Systems Corp. v.*

21  *Texas Instruments, Inc.,* 771 F. Supp. 1033, 1037 (N.D. Cal. 1991)).

22          "These settled principles are qualified by the new, more stringent pleading standard

23  articulated by the Supreme Court in *Ashcroft v. Iqbal*."  *CTF Development, Inc. v. Penta*

24  _____

25  [6] For the same reasons, Xilinx's claims as to the '325, '527, '087, '646, '415, '865, '001,
    '669, and '301 should also be dismissed for improper venue pursuant to Fed. R. Civ. P.
    12(b)(3).  *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280

26  (Fed. Cir. 2005) (granting defendant's motion to dismiss for lack of personal jurisdiction and
    noting that because venue in a patent action against a corporate defendant exists where

27  personal jurisdiction exists, "no separate venue inquiry [was] necessary").

28

1    *Hospitality, LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *2 (N.D. Cal. Oct. 26, 2009)

2    (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct.

3    1937 (2009)).  In *Twombly*, the Supreme Court addressed the level of specificity required in a

4    plaintiff's allegations in order to state a claim under the Sherman Act.  The Court explained

5    that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more

6    than labels and conclusions, and a formulaic recitation of the elements of a cause of action

7    will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).  Rather, to survive a

8    motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to

9    state a claim to relief that is plausible on its face." *Id.* at 570.

10         In its follow-up decision in *Iqbal*, the Supreme Court upheld and clarified the

11    rationale of *Twombly*.  The Court set forth a two-step analysis that governs a motion to

12    dismiss under Rule 12(b)(6).  First, a District Court must strip out any allegations "that,

13    because they are no more than conclusions, are not entitled to the assumption of truth."

14    *Iqbal*, 129 S. Ct. at 1950.  Next, the District Court must consider the remaining factual

15    allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  The

16    complaint must allege enough facts to push the claims "across the line from conceivable to

17    plausible." *Id.*  The Supreme Court further clarified that *Twombly*'s pleading standards were

18    not limited to just the antitrust context, but rather governed "all civil actions and proceedings

19    in the United States district courts." *Id.* at 1953.

20         This Court has adhered to the *Iqbal/Twombly* framework for pleading standards in the

21    context of patent litigation claims.  *See, e.g.*, *Bender v. LG Electronics U.S.A., Inc.*, No. C

22    09-02114 JF (PVT), 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010).  Here, Xilinx's

23    declaratory claims of invalidity and non-infringement are far too conclusory and devoid of

24    any facts to provide a plausible claim for relief.  Accordingly, those claims should be

25    dismissed under Fed. R. Civ. P. 12(b)(6).

26

27

28

1

2      **1.    The Declaratory Judgment Claims Concerning Validity Merely Cite The
3             Patent Statute And Therefore Fail To Allege Enough Facts To State A
             Claim For Relief That Is Plausible On Its Face.**

4           Xilinx's invalidity claims fall well short of the specificity required to survive a

5      motion to dismiss under Rule 12(b)(6).  Those claims merely cite four sections of the Patent

6      Act.  Such legal conclusions, devoid of factual allegations, fail to state a plausible claim for

7      relief.  Controlling Supreme Court authority and this Court's own Rule 8 jurisprudence

8      therefore mandate dismissal of Xilinx's invalidity claims.

9           "While legal conclusions can provide the framework of a complaint, they must be

10     supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.  But in each of its sixteen counts

11     concerning invalidity, Xilinx asserts simply that the Patents-in-Suit "fail[] to comply with

12     one or more of the requirements of the patent laws of the United States, including, without

13     limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112." (*See, e.g.*, D.I. 1 at ¶ 34)  Bare citations

14     to the Patent Act, lacking any factual assertions, are insufficient to survive a motion to

15     dismiss.  *See Iqbal*, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders naked

16     assertion[s] devoid of further factual enhancement.") (internal quotations omitted).

17          Indeed, Courts in this District have recognized that invalidity claims which merely

18     cite sections of the Patent Act are inadequate.  In *Grid Systems Corp. v. Texas Instruments,*

19     *Inc.*, for example, the plaintiff alleged that nine patents were invalid because of

20     "[defendant]'s failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and

21     112." 771 F. Supp. at 1042.  This Court found the pleading "radically insufficient," and

22     stated that "conclusory pleading of the statutory language is insufficient to meet the fair

23     notice requirement of Rule 8." *Id.*  Accordingly, this Court dismissed the claims while

24     providing guidance that a proper claim for invalidity "must link each challenged patent with

25     particular defects, and allege some factual basis for each alleged defect." *Id.*  Applying the

26     reasoning of *Grid Systems*, this Court has repeatedly dismissed invalidity claims for doing no

27     more than citing to the patent statutes. *See, e.g., PB Farradyne, Inc. v. Peterson*, No. C 05-

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT                                    PAGE 12
Case No. 11-cv-0671-LHK

1   03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (dismissing allegations that the

2   patents-in-suit were "invalid for failure to meet one or more requirements of Title 35, United

3   States Code, including the requirements of sections 102, 103, 112 and/or other applicable

4   statutes"); *Qarbon.com Inc.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (dismissing

5   counterclaim for declaratory judgment of invalidity based on the "wholly conclusory

6   allegation" that the patent-in-suit was "invalid and void under the provisions of Title 35,

7   United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112").

8         Xilinx's invalidity claims are virtually identical to those found deficient by this Court

9   in *Grid Systems*, *PB Farradyne*, and *Qarbon.com*. Indeed, the allegations at issue here are

10  arguably even less specific than the claims in those cases, because Xilinx's claims cite to four

11  sections of the Patent Act "without limitation." (*See, e.g.*, D.I. 1 at ¶ 34) Because Xilinx's

12  invalidity pleadings allege no facts supporting a plausible claim of invalidity, they do not

13  meet the fair notice requirement of Fed. R. Civ. P. 8 and should therefore be dismissed under

14  Fed. R. Civ. P. 12(b)(6).

15         **2.    The Declaratory Judgment Claims Concerning Infringement Fail To
               Specify Any Particular Products, Conduct, Or Patent Claims And
16             Therefore Fail To Allege Enough Facts To State A Claim For Relief That
               Is Plausible On Its Face.**

17

18         Like its invalidity claims, Xilinx's claims regarding infringement are devoid of

19  factual allegations. Xilinx fails to provide any specificity concerning the products, patent

20  claims, or conduct placed at issue by its non-infringement claims. Adequate pleading of

21  infringement claims, however, requires "enough specificity to give the defendant notice of

22  what products or aspects of products allegedly infringe." *LG Electronics*, 2010 WL 889541,

23  at *5. Just as infringement claims must identify allegedly infringing instrumentalities in

24  order "to provide a 'plausible claim for relief' under *Twombly* and *Iqbal*," *id.* at *6, so must

25  declaratory judgment claims concerning non-infringement specify the products or conduct

26  alleged not to infringe. *See Gamble v. GMAC Mortg. Corp.*, No. C-08-05532-RMW, 2009

27  WL 400359, at *2 (N.D. Cal. Feb. 18, 2009) (applying *Twombly* to dismiss plaintiff's

28

declaratory judgment claim and noting that "declaratory judgment actions are governed by the same pleading standards as other federal civil actions").

General descriptions of accused products, without providing specific product names or numbers, do not suffice to state a claim for infringement under Rule 12(b)(6). *See, e.g.*, *Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) (finding that the accused device or devices cannot be described "in terms of a multiplicity of generically-described product lines such as 'satellite communications technology' and 'audio amplifiers'"); *Elan Microelectronics Corp. v. Apple, Inc.,* No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (dismissing as "bare assertion[s]" infringement counterclaims that identified "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" for "failure to allege sufficient facts" under *Twombly* and *Iqbal*). Rather, "[s]ufficient allegations [sh]ould include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim." *LG Electronics*, 2010 WL 889541, at *6. The declaratory judgment claims of non-infringement in Xilinx's Complaint fall well short of that standard.

Indeed, Xilinx's declaratory judgment claims concerning non-infringement make only a vague reference to "certain integrated circuits" with no mention of specific products. (*See, e.g.*, D.I. 1 at ¶ 27) Xilinx likewise refers to "Accused Products" in its Prayer for Relief, but fails to define that term anywhere in the Complaint. (*See* D.I. 1 at 32-33, subpara. (A)) Xilinx's non-infringement allegations therefore fail to provide fair notice (or ***any*** meaningful notice) of the basis for non-infringement—namely, the product, patent claims, and conduct that Xilinx seeks to address in its claim. *See LG Electronics*, 2010 WL 889541, at *3; *see also Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, *1 (N.D. Cal. Sept. 6, 2003) (finding that plaintiff's infringement claims failed to satisfy Rule 8 where the claims broadly alleged "infringement of at least one claim in each of the patents-in-suit" by "one or more of Defendant's 4000-plus products"). Xilinx's cursory

1    allegations of non-infringement fail to cross the threshold of plausibility and should

2    accordingly be dismissed under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 570.

3    **D.    The Declaratory Judgment Claims Concerning Patent Ownership And Standing
           Must Be Dismissed Because The Declaratory Judgment Complaint Fails To**
4    **Establish Personal Jurisdiction Over Intellectual Ventures I LLC And
           Intellectual Ventures II LLC, The Only Named Parties That Claim To Own The**
5    **Patents-In-Suit And Possess Standing To Sue.**

6            Despite purporting to challenge the validity and infringement of the Patents-in-Suit,

7    Xilinx affirmatively alleges—and seeks declaratory relief—that none of the Defendants owns

8    or has any right to sue on those patents.  But Xilinx's standing claims suffer two fatal flaws.

9    First, four of the named defendants do not claim to own any of the Patents-in-Suit or possess

10   the right to sue on those patents.  Those defendants—and Xilinx's claims against those

11   defendants—must be dismissed under Fed. R. Civ. P. 12(b)(1).  Second, Xilinx's claims

12   against the two named defendants who do own some of the Patents-in-Suit must—as

13   explained above—be dismissed under Fed. R. Civ. P. 12(b)(2) because Xilinx failed to state

14   allegations sufficient to establish a *prima facie* showing of personal jurisdiction.

15           No genuine dispute over ownership or standing exists between Xilinx and four of the

16   Defendants.  Those Defendants—Invention Investment Fund I LP, Invention Investment

17   Fund II LLC, Intellectual Ventures LLC and Intellectual Ventures Management LLC—do

18   not claim to own the patents-in-suit or possess the right to bring a suit for infringement in

19   their own names.  Accordingly, no case or controversy exists between Xilinx and those four

20   defendants that would support jurisdiction under the Declaratory Judgment Act.  *See Top*

21   *Victory Electronics*, 2010 WL 4722482, at *2 ("In order for a plaintiff to have standing in a

22   declaratory action involving allegations of patent infringement, the defendant must have a

23   legal right in the patent at issue that would allow the defendant to bring suit for

24   infringement.").  Because no case or controversy exists, those four defendants (and Xilinx's

25   claims against those four defendants) must be dismissed under Fed. R. Civ. P. 12(b)(1).  *See*

26   *id*.

27

28

Furthermore, as explained above, Xilinx has failed to adequately plead personal jurisdiction over the remaining two Defendants—Intellectual Ventures I LLC and Intellectual Ventures II LLC—which **do** claim ownership of, and the right to sue under, nine of the Patents-in-Suit.  Federal Circuit law requires a declaratory judgment plaintiff to make a *prima facie* showing that each individual defendant is subject to personal jurisdiction.  *See Avocent*, 552 F.3d at 1328.  Here, because Xilinx's Complaint includes mere boilerplate allegations regarding personal jurisdiction of the Defendants, and makes **no** attempt to assess each Defendant's contacts with this forum individually, Xilinx's Complaint is entirely devoid of any factual allegations sufficient to establish a *prima facie* showing of personal jurisdiction.  Accordingly, Xilinx's ownership and standing claims against Intellectual Ventures I LLC and Intellectual Ventures II LLC must also be dismissed under Fed. R. Civ. P. 12(b)(2).

**E.     Absent Dismissal, The Declaratory Judgment Claims Concerning Patents At Issue In The Co-Pending Delaware Action Should Be Severed And Transferred To The District Of Delaware.**

As it currently stands, twelve of the claims in Xilinx's Complaint are declaratory counts that have mirror-image claims pending in the District of Delaware.  Should this Court decide not to dismiss Xilinx's claims outright, those twelve claims should be severed from this action and transferred and consolidated with the Delaware Action.  Proceeding in that manner will promote judicial economy without creating significant convenience concerns.

A District Court may transfer an action under 28 U.S.C. § 1404(a) provided that (1) "the district to which the defendants seek to have the action transferred is one in which the action might have been brought"; and that (2) "the transfer [is] for the convenience of parties and witnesses, and in the interest of justice." *Electronics for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534 CRB, 2008 WL 276567, *1 (N.D. Cal. Jan. 29, 2008).  Courts have consistently recognized that "the interest of justice is the most important consideration." *Id.*; *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (holding that the trial court properly afforded substantial weight to judicial economy in a §1404(a) transfer analysis

where "there is co-pending litigation before the trial court involving the same patent and underlying technology"); *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.") (internal quotations omitted). Relevant factors in assessing convenience of the parties and witnesses include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Of these convenience factors, the convenience of non-parties is of paramount importance. *Center for Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 WL 996343, at *7 (N.D. Cal. Mar. 17, 2011).

Here, Xilinx asserts declaratory claims concerning the validity and infringement of four patents that are also at issue between the parties in a pending infringement action in the District of Delaware. Given that the Delaware Court has jurisdiction over all parties involved, and that the same infringement and validity claims will be heard and proceed to judgment in that forum, absent outright dismissal, this Court should sever the overlapping claims[7] and transfer them to the District of Delaware.

### 1. Xilinx Could Have Filed Its Claims In The District Of Delaware.

Xilinx is subject to personal jurisdiction in Delaware, as it is a Delaware corporation. *See International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945). Likewise, Intellectual Ventures I and Intellectual Ventures II, the owners of the four overlapping patents, are Delaware limited liability companies and

---

[7] *See* Fed. R. Civ. P. 21 ("The Court may [] sever any claim against a party.").

1    hence also subject to personal jurisdiction in that forum.  *See id*.  No reason therefore exists

2    why Xilinx's claims concerning patents owned by those entities could not have been brought

3    in the District of Delaware.

4                 **2.    Judicial Economy Considerations Favor Severance And Transfer Of**
                          **Overlapping Claims To Delaware.**

5

6           The Delaware Action includes mirror-image claims of infringement of the '325, '087,

7    '646, and '669 patents against Xilinx as well as three unrelated defendants—Altera, Lattice

8    and Microsemi—that are not party to this action.  The Delaware Action will therefore

9    proceed regardless of this Court's ruling.  As a result, severance and transfer of those claims

10   to Delaware would avoid duplicative proceedings and conserve substantial resources.

11          Concerning issues of judicial economy, the Supreme Court has recognized the

12   inefficiencies of maintaining two separate litigations involving overlapping issues.

13   *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in

14   which two cases involving precisely the same issues are simultaneously pending in different

15   District Courts leads to the wastefulness of time, energy and money that §1404(a) was

16   designed to prevent.").  Likewise, in the context of patent litigation, the Federal Circuit has

17   given "paramount consideration" to "the existence of multiple lawsuits involving the same

18   issues" when determining whether a transfer is in the interest of justice.  *In re Volkswagen of*

19   *America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

20          Here, four of the patents being asserted in this action are already at issue between

21   Intellectual Ventures I LLC and Intellectual Ventures II LLC ("the Delaware Plaintiffs") and

22   Xilinx in the District of Delaware.[8]  The Delaware Plaintiffs are also currently asserting

23   infringement claims under the '325, '087, '646, and '669 patents against Altera, Lattice, and

24   Microsemi—three other, unrelated companies that make similar products.[9]  Several

25   defendants in the Delaware Action have also asserted validity claims against those same

26   _____

27   [8] Modi Decl. at ¶ 6, Ex. E.
     [9] *Id.*

28   DEFENDANTS' MOTION TO DISMISS COMPLAINT                                      PAGE 18
     Case No. 11-cv-0671-LHK

patents.[10]  The meaning, scope, and validity of the claims will be at the heart of the Delaware Action.  If two separate litigations are maintained, the same evidence, arguments, and issues will be raised in both actions.  Severance and transfer of those overlapping claims for consolidation in the Delaware Action, on the other hand, will promote both judicial economy and convenience interests.  *See A. J. Industries, Inc. v. U.S. Dist. Court for Central Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) ("[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties").

Indeed, the burden of litigation—for the parties, Courts and witnesses—would be vastly increased if Xilinx's overlapping declaratory judgment claims are allowed to go forward, because the Delaware action will proceed regardless of this Court's ruling.  If this Court does not grant a transfer to consolidate the overlapping claims, both this Court and the Delaware Court will have to make decisions regarding the scope and validity of the same patent claims.  Those patent claims will be subject to claim construction in both Courts through separate *Markman* hearings.  Not only is such duplication of effort a waste of the Courts' resources, but it also creates a risk of inconsistent results.  By transferring the overlapping claims to the Delaware Court, all of the issues can be resolved once between the parties, saving both the Courts and the parties substantial time and resources in a single litigation.

This Court recently granted a transfer out of this District in a case involving substantially similar circumstances.  In *Aliphcom v. Wi-LAN*, the two patents asserted in a declaratory judgment action overlapped with patents in a pending Eastern District of Texas action.  No. 10-CV-02337-LHK, 2010 WL 4699844 (N.D. Cal. Nov. 10, 2010).  In granting a motion to transfer, this Court noted that "both of the patents-at-issue will be . . . the subject of claim construction by Judge Ward [in the Eastern District of Texas]."  *Id.* at *3.  Furthermore, the Court noted that retaining the case "would unavoidably result in

---

[10] Modi Decl. ¶¶ 3-5, Exs. B-D.

DEFENDANTS' MOTION TO DISMISS COMPLAINT                                    PAGE 19
Case No. 11-cv-0671-LHK

unnecessary duplication of judicial efforts, with a resulting risk of inconsistent results as the actions progress in each Court." *Id.* The same considerations favor severance and transfer here.

### 3. The Convenience Of Witnesses, Particularly Non-Party Witnesses, Strongly Favors Severance And Transfer Of Overlapping Claims To Delaware.

Maintenance of two separate actions in this Court and Delaware will potentially force the parties to litigate the same issues twice and pose significant time, expense, and travel burdens on potential witnesses. Severance and transfer will avoid that risk. Accordingly, the interests of convenience also strongly favor severance and transfer.

With respect to the convenience of the parties, a party's state of incorporation is an important factor in the convenience analysis. *See ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A] company should not be successful in arguing that litigation in its state of incorporation is inconvenient"). Here, Xilinx, Intellectual Ventures I LLC, and Intellectual Ventures II LLC are all incorporated in Delaware. Moreover, as described above, duplicative suits leads not only to judicial inefficiencies but also additional burden on the parties. For example, documents and evidence may have to be produced twice by the parties in separate Courts, and the same arguments may need to be heard in both Courts. As such, convenience of the parties weighs in favor of transfer.

Even more significantly, the extraordinary burden duplicative suits would place on non-party witnesses favors transfer. Absent transfer, potential witnesses identified by either party—whether inventors, former employees, or experts—would be inconvenienced by having to appear for depositions or trial testimony in separate litigations on opposite coasts. *See Alexander v. Franklin Resources, Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) ("[A]ppearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country."). Since many issues in both litigations are identical, certain third-party witnesses would almost certainly be called on twice, in Courts located nearly three thousand miles apart. To avoid the burden of

1   duplicative litigation on non-party witnesses, the overlapping claims implicating the same

2   issues in both litigations should be severed and transferred to Delaware for consolidation.

3                                        **IV. CONCLUSION**

4              For all of the foregoing reasons, Defendants respectfully request that this Court enter

5   an order dismissing all claims in the declaratory judgment complaint.

6

7        Date:  April 11, 2011                    Respectfully submitted,

8                                                 BLACK & WASHKO LLP
                                                  Bradford J. Black
9                                                 Frank M. Washko

10                                                DESMARAIS LLP
                                                  John M. Desmarais
11                                                Michael P. Stadnick

12
                                                  By:  */s/ Michael P. Stadnick*_____
13                                                      Michael P. Stadnick

14                                                *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     DEFENDANTS' MOTION TO DISMISS COMPLAINT                              PAGE 21
     Case No. 11-cv-0671-LHK