1   Behrooz Shariati (State Bar No. 174436)
    bshariati@jonesday.com
2   Laurie Charrington (State Bar No. 229679)
    lmcharrington@jonesday.com
3   JONES DAY
    Silicon Valley Office
4   1755 Embarcadero Road
    Palo Alto, CA  94303
5   Telephone:     650-739-3939
    Facsimile:     650-739-3900
6
    Attorneys for Plaintiff
7   XILINX, INC.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12
    XILINX, INC.,                          Case No. 5:11-cv-00671 LHK
13
                  Plaintiff,               XILINX, INC'S OPPOSITION TO
14                                         DEFENDANTS' ADMINISTRATIVE
             v.                            MOTION TO FILE UNDER SEAL
15                                         ITS CERTIFICATE OF
    INVENTION INVESTMENT FUND I LP,        INTERESTED ENTITIES OR
16  INVENTION INVESTMENT FUND II LLC,      PERSONS PURSUANT TO CIVIL
    INTELLECTUAL VENTURES LLC,             LOCAL RULE 3-16 AND F.R.C.P. 7.1
17  INTELLECTUAL VENTURES
    MANAGEMENT LLC, INTELLECTUAL
18  VENTURES I LLC, INTELLECTUAL
    VENTURES II, LLC,
19
                  Defendants.
20

21

22          Pursuant to Civil Local Rule 7-11, Plaintiff Xilinx, Inc., respectfully submits this

23   Opposition to the Administrative Motion to File Under Seal submitted by Defendants Invention

24   Investment Fund I LP, Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual

25   Ventures Management LLC, Intellectual Ventures I LLC, and Intellectual Ventures II, LLC

26   (collectively "IV") on April 12, 2011.

27          By its Administrative Motion, IV seeks to file under seal its Disclosure Statement

28   pursuant to Federal Rule of Civil Procedure 7.1 and its Civil Local Rule 3-16 Certificate of

1   Interested Parties (collectively referred to as the "Certificate"), and to avoid serving an

2   unredacted copy of its Certificate on Xilinx.  Xilinx has informed IV that it is willing to stipulate

3   to the sealing of IV's Certificate from the public, provided Xilinx's General Counsel receives an

4   unredacted copy of the Certificate. Because IV has not established good cause either (1) why IV's

5   Certificate should not be disclosed to Xilinx, or (2) why an Order from this Court sealing the

6   document and limiting the disclosure to Xilinx's General Counsel would not be sufficient to

7   protect the alleged confidentiality of the information contained therein, IV's Administrative

8   Motion to Seal should be denied.

9           To succeed in its motion, IV must establish that good cause exists to seal the Certificate

10  **and** avoid the requirement under Civil Local Rule 79-5 to serve Xilinx with a copy of the

11  Certificate.  Civil L.R. 79-5(b)(3) ("Counsel seeking to file an entire document under seal must

12  . . . [l]odge with the Clerk *and serve the entire document . . . .*" (emphasis added)).  It is IV's

13  burden to make such a showing.  *See* Fed. R. Civ. P. 26(c); *Reilly v. Medianews Group Inc.*, No.

14  C 06-04332 SI, 2007 U.S. Dist. LEXIS 8139, at *12-13 (N.D. Cal. Jan. 24, 2007) ("For good

15  cause to exist, *the party seeking protection bears the burden of showing specific prejudice or*

16  *harm* will result if no protective order is granted." (emphasis added) (citing *Phillips v. GMC*, 307

17  F.3d 1206, 1210-11 (9th Cir. 2002))).  The only allegation of potential harm IV makes is found in

18  the Declaration of Peter Detkin submitted in support of Defendants' motion:  "Intellectual

19  Ventures has contractual obligations to keep the identity of its investors confidential. . . . Publicly

20  disclosing the identity of those investors could therefore contravene [IV's] contractual

21  obligations.  Such disclosure could also potentially cause competitive harm to [IV's] investors

22  and undermine [IV's] ability to attract additional investors and licensees going forward."  Decl. of

23  Peter N. Detkin in Support of Defs.' Admin. Mot. ¶ 5.  IV does not offer any reason why its

24  Certificate should not be disclosed to Xilinx or Xilinx's General Counsel.  "Broad allegations of

25  harm, unsubstantiated by specific examples or articulated reasoning" such as these offered by IV

26  are insufficient to carry its burden. *Reilly*, 2007 U.S. Dist. LEXIS, at *12.

27          Additionally, Defendants' reliance on an Order issued by Judge Joseph Spero in which

28  Judge Spero granted a motion to seal a certificate of interested entities is misplaced.   Defs.'

XILINX, INC'S OPP'N TO DEFS'
ADMIN. MOT. TO FILE UNDER SEAL
Case No. 5:11-cv-00671 LHK

1   Admin. Mot. at 2 (citing to Order (ECF No. 9), *Link_A_Media Devices Corp. v. Marvell*

2   *Semiconductor, Inc.*, No. 3:11-cv-00616-JCS (N.D. Cal. Feb. 14, 2011) ("LAMD")).  First,

3   Plaintiffs' Motion to Seal in *LAMD* appears to have been unopposed.  *See LAMD* Docket, No.

4   3:11-cv-00616 JCS.  Second, in *LAMD*, Plaintiffs and Defendants were competitors, and

5   Plaintiffs sought to seal information that ***if exposed to Defendants*** would cause competitive harm

6   to Plaintiffs.  Neither of these facts are present here.  As Xilinx's counsel has informed IV's

7   counsel, Xilinx is willing to stipulate to the sealing of IV's Certificate from the public, provided

8   Xilinx's General Counsel can view the Certificate.

9        IV's reference to Xilinx's motion to seal its Motion to Enjoin is both misplaced and

10   misleading.  ECF No. 45 at 3. As counsel for Xilinx explained to IV's counsel, Xilinx was ready

11   and willing to file an unredacted version of its Motion to Enjoin.  However, IV requested that

12   Xilinx Move to Seal ***from the public*** certain materials ***related to IV***, which Xilinx agreed to do.

13   Decl. of Laurie Charrington in Support of Plaintiff's Opp'n to Defs.' Admin. Mot. ¶ 3-4.  As

14   stated above, in the instant case, Xilinx is willing to stipulate to an order sealing IV's Certificate

15   ***from the public***.

16        Regardless of the policy reasons behind Local Rule 3-16, on which IV also relies, absent a

17   showing of good cause IV must serve a copy of its Certificate on Xilinx.  Because IV has not

18   made any showing that IV's Certificate should be withheld from Xilinx, IV should provide an

19   unredacted copy of the Certificate to Xilinx's General Counsel.  A party should be able to discuss

20   with its counsel the identities of those third parties who have an interest in the litigation.  This is

21   particularly the case here, where IV has represented to Xilinx that it is entitled to enforce the

22   patents at issue, and then, has represented to the Court (by way of its Motion to Dismiss) that it

23   does not own the patents and that Xilinx sued the wrong parties.  ECF No. 39, IV's Motion to

24   Dismiss at 5-7.

25        For the reasons set forth above, Xilinx respectfully submits that the Court should deny

26   IV's Administrative Motion to Seal its Certificate and Order that IV serve on Xilinx's counsel an

27   unredacted copy of the Certificate, which may be disclosed to Xilinx's General Counsel.

28

1    Dated: April 18, 2011                    Respectfully submitted,

2                                           Jones Day

3

4                                           By: /s/ Behrooz Shariati

5                                               Behrooz Shariati

6                                        Counsel for Plaintiff
                                        XILINX, INC.

7    SVI-91835v1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

XILINX, INC'S OPP'N TO DEFS'
ADMIN. MOT. TO FILE UNDER SEAL
Case No. 5:11-cv-00671 LHK