Behrooz Shariati (State Bar No. 174436)
bshariati@JonesDay.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    650-739-3939
Facsimile:    650-739-3900

Attorneys for Plaintiff
XILINX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XILINX, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>INVENTION INVESTMENT FUND I LP, INVENTION INVESTMENT FUND II LLC, INTELLECTUAL VENTURES LLC, INTELLECTUAL VENTURES MANAGEMENT LLC, INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC,<br><br>            Defendants. | Case No.  3:11-cv-00671 SI<br><br>**XILINX, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO ENJOIN DEFENDANTS FROM PROSECUTING A DUPLICATIVE ACTION IN THE DISTRICT OF DELAWARE PURSUANT TO THE FIRST-FILED RULE**<br><br>Date:      July 29, 2011<br>Time:     9:00 a.m.<br>Place:    Courtroom 10, 19th Floor<br>Judge:   Honorable Susan Illston |

**PUBLIC VERSION**

**(Duplicate copy of sealed motion with updated caption page)**

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION .................................................................................................................. 1
II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2
III. STATEMENT OF RELEVANT FACTS ............................................................................. 2
     A.   The Parties.................................................................................................................. 2
     B.   The Dispute ................................................................................................................ 3
IV.  NATURE AND STAGE OF PROCEEDINGS .................................................................... 5
V.   ARGUMENT ........................................................................................................................ 5
     A.   The First-To-File Rule Applies To This Action ....................................................... 5
          1.   This Action is the First-Filed Action Between Xilinx and IV .................... 6
          2.   Resolution of the First-Filed Action Would Resolve All the Issues
               in the Later-Filed Action ............................................................................. 6
     B.   No Exception to the First-to-File Rule Applies ........................................................ 7
          1.   This Action Is Not an Anticipatory Suit Filed for the Purpose of
               Forum Shopping or Brought in Bad Faith .................................................. 7
          2.   There Is No Showing of Inconvenience that Warrants Upsetting the
               Forum ........................................................................................................... 8
          3.   The Court Has Jurisdiction Over the Parties............................................. 10
VI.  CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ................................................................................ 6, 7, 9

*Bryant v. Oxxford Express, Inc.*,
   181 F. Supp. 2d 1045 (C.D. Cal. 2000) ................................................................ 6, 7, 8

*Church of Scientology v. U.S. Dep't of Army*,
   611 F.2d 738 (9th Cir. 1979) ...................................................................................... 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ............................................................................. 5, 8, 10

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ................................................................................ 7, 8

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) .......................................................................... 5, 6, 7, 8

*Genentech, Inc. v. GlaxoSmithKline, LLC*,
   No. 5:10-cv-04255-JF/PVT, 2010 U.S. Dist. LEXIS 126773
   (N.D. Cal. Nov. 30, 2010) ......................................................................................... 8, 9

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
   824 F.2d 953 (Fed. Cir. 1987) ....................................................................................... 8

*In re Acer America Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ..................................................................................... 9

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................... 9

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) ........................................................................ 6

*Kelmar v. Mortg. Elec. Registration Sys., Inc.*,
   No. C 09-01418 WHA, 2009 U.S. Dist. LEXIS 42421 (N.D. Cal. May 8, 2009) ........ 6

*Micron Tech., Inc. v. Mosaid Tech., Inc.*,
   518 F. 3d 897 (Fed. Cir. 2008) ..................................................................................... 9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) .......................................................................................... 5

*Quickturn Design Sys., Inc. v. Meta Sys.*,
   No. C-96-0881 MHP, 1996 U.S. Dist. LEXIS 16887 (N.D. Cal. Oct. 31, 1996) ......... 6

# TABLE OF AUTHORITIES

**Page**

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) .............................................................................. 10

*Xilinx v. Invention Investment Fund I LP*,
    Case No. 5:11-cv-067 LHK (N.D. Cal. Feb. 14, 2011), ECF No. 1 ......................................... 5

**STATUTES**

28 U.S.C.§ 1404 ................................................................................................................................ 3

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on **July 21, 2011** at **1:30 p.m.**, or as soon thereafter as this matter may be heard, before the Honorable Judge Lucy H. Koh, at the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, in Courtroom 4, Plaintiff, Xilinx, Inc. ("Xilinx" or "Plaintiff"), by and through its counsel of record, will move the Court for an Order enjoining Defendants, Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "Defendants" or "IV") from pursuing in the United States District Court for the District of Delaware the patent claims against Xilinx that are at issue in this first-filed declaratory judgment action. This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## RELIEF REQUESTED

Xilinx seeks an order enjoining IV from proceeding in its duplicative action against Xilinx in the District of Delaware pursuant to the first-to-file rule.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Xilinx moves this Court for an order enjoining IV from pursuing their later-filed patent infringement claims against Xilinx in the United States District Court for the District of Delaware (the "Delaware Action"). This action (the "California Action") is first-filed because: (1) at the time this action was filed, Xilinx was not a party in the pending Delaware Action; and (2) IV amended its complaint in Delaware to add Xilinx as a Defendant in response to the filing of this action.

Defendants cannot demonstrate an applicable exception to the first-to-file rule, because the interests of judicial economy, convenience, and justice weigh in favor of proceeding with this matter before this Court. The parties in this case are headquartered on the West coast. Xilinx is headquartered in California, where it has brought this action. Defendants are headquartered in Bellevue, Washington, with satellite offices in several locations, including Silicon Valley.

Although the parties are Delaware entities, none of the parties are headquartered there nor do the events that gave rise to this dispute have any specific connection to Delaware. IV's management has even publicly stated that Xilinx was added to the Delaware case in response to the filing of this Action. (*See* Declaration of Behrooz Shariati in Support of Xilinx's Motion to Enjoin Defendants From Prosecuting a Duplicative Action in the District of Delaware Pursuant to the First-Filed Rule ("Shariati Decl.", Ex. 1). Regardless of IV's motivations for trying to force Xilinx to defend 4 out of 16 patents in Delaware, under the first-to-file rule, this Court is the proper forum for this action, and IV should be enjoined from pursuing the same claims against Xilinx in Delaware.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the first-to-file rule applies to this action, and
2. Whether IV's claims against Xilinx for patent infringement in the District of Delaware should be enjoined under the first-to-file rule.

## III. STATEMENT OF RELEVANT FACTS

### A. The Parties

Xilinx and IV both conduct their business operations on the West Coast. Xilinx was founded in Silicon Valley in 1984 and is in the business of designing, developing, and marketing programmable logic devices (PLDs). Xilinx is headquartered in San Jose, California. The vast majority of Xilinx's employees and business records are here in California. The products at issue in both cases are all designed and developed in California. The Xilinx engineers who developed the accused products are primarily located in California. (*See* Declaration of Justin Liu in Support of Xilinx's Motion to Enjoin Defendants From Prosecuting a Duplicative Action in the District of Delaware Pursuant to the First-Filed Rule ("Liu Decl.")). Although it is incorporated in Delaware, Xilinx maintains neither offices nor employees in that State. None of the accused technologies were developed in Delaware, and no relevant Xilinx witnesses or documents reside there.

IV's principal place of business is in Bellevue, Washington. IV maintains various offices, including one in Mountain View, California. IV's founder and Vice-Chairman, Peter Detkin,

| | |
|---|---|
| 1 | works and resides in Northern California. Although the IV entities that are the named plaintiffs in |
| 2 | this suit were recently formed in Delaware, they do not appear to maintain any operational office |
| 3 | in Delaware. Nor do they appear to conduct any business operations in Delaware aside from |
| 4 | prosecuting the three patent lawsuits filed by IV. |
| 5 | REDACTED |

REDACTED

---

[2] United States Patent No. 5,675,808 ("the '808 Patent"); United States Patent No. 6,993,669 ("the '669 Patent"); United States Patent No. 5,687,325 ("the '325 Patent"); United States Patent No. 6,260,087 ("the '087 Patent"); and United States Patent No. 6,272,646 ("the '646 Patent").

[3] United States Patent No. 5,524,251; United States Patent No. 5,687,325; United States Patent No. 5,751,736; United States Patent No. 5,887,165; United States Patent No. 6,252,527; United States Patent No. 6,260,087; United States Patent No. 6,272,646; United States Patent No. 6,321,331; United States Patent No. 6,408,415; United States Patent No. 6,687,865 ("the '865 patent"); United States Patent No. 6,698,001; United States Patent No. 6,747,350; United States Patent No. 6,768,497; United States Patent No. 6,993,669; United States Patent No. 7,080,301 ; and United States Patent No. 7,100,061.

## IV. NATURE AND STAGE OF PROCEEDINGS

This is a patent case involving two competing lawsuits: Xilinx's first-filed action in California and IV's later-filed action in Delaware. On February 14, 2011, Xilinx filed a declaratory judgment action for non-infringement, invalidity, and other related claims against 16 patents apparently owned by six business entities related to Intellectual Ventures. Complaint for Declaratory Judgment of Patent Non-Infringement and Invalidity, *Xilinx v. Invention Investment Fund I LP*, Case No. 5:11-cv-067 LHK (N.D. Cal. Feb. 14, 2011), ECF No. 1. On February 15, 2011, IV retaliated by amending its Complaint in the Delaware Action to assert patent infringement claims against Xilinx covering four patents. (Shariati Decl., Ex. 2 (Amended Delaware Complaint)). Prior to that, Xilinx was not a named party and was in no way connected to the Delaware Action. The four patents asserted by IV against Xilinx in the Delaware Action are among the 16 patents first asserted by Xilinx in this Action. There is also substantial similarity of the parties involved in the Delaware Action and in this Action. Indeed, there is complete overlap between this Action and the Delaware Action, although this Action includes additional patents and defendants.

## V. ARGUMENT

### A. The First-To-File Rule Applies To This Action.

It is well settled that, when two actions "are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (affirming dismissal of later-filed action under the first-to-file rule); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) (*abrogated on other grounds*) ("When the declaratory action can resolve the various legal relations in dispute . . . a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action."). The court of the first-filed action "may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming district court's enjoining of the later-filed action). "Three threshold factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the

similarity of the issues." *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000) (granting motion to enjoin) (citation omitted); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

The first-to-file rule applies in this case because (1) this Action was filed before the Amended Delaware Complaint, (2) the patents and parties in this, the first-filed Action completely overlap with the patents and parties in the second-filed Amended Delaware Complaint, and (3) no exceptional circumstances exist that warrant a departure from the first-to-file rule. Thus, pursuant to the first-to-file rule, the claims against Xilinx in the Delaware Action should be enjoined.

### 1. This Action is the First-Filed Action Between Xilinx and IV.

There is no dispute that this Action was filed one day before the Amended Delaware Complaint. As the Federal Circuit stated, the first-filed rule is "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." *Genentech*, 998 F.2d at 938 (citation omitted); *Quickturn Design Sys., Inc. v. Meta Sys.*, No. C-96-0881 MHP, 1996 U.S. Dist. LEXIS 16887, at *16-17 (N.D. Cal. Oct. 31, 1996) (holding the first-to-file rule applied even when the two actions were filed only two days apart). Because Xilinx's claims against IV were filed before IV filed its patent infringement claims against Xilinx, this Action is the first-filed action.

### 2. Resolution of the First-Filed Action Would Resolve All the Issues in the Later-Filed Action.

The other two threshold factors, similarity of the parties and issues, are also satisfied here. "The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" *Kelmar v. Mortg. Elec. Registration Sys., Inc.*, No. C 09-01418 WHA, 2009 U.S. Dist. LEXIS 42421, at *2 (N.D. Cal. May 8, 2009) (quoting *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)). The parties and issues in this Action are substantially similar to those of the Delaware Action. In the Delaware Action, IV asserts that Xilinx infringes four patents all of which are at issue in this Action. *See Bryant*, 181 F. Supp. 2d at 1048 (holding first-to-file rule met where "both actions involve the same issues

concerning the parties' respective rights and obligations"). Moreover, the two plaintiffs in the Delaware Action (Intellectual Ventures I and II), are also named as declaratory judgment defendants in this Action. *See id.* (holding first-to-file rule applied where the two actions "implicate[d] the same parties"). Because this Action is the first-filed action, and because there is substantial overlap between the patents and parties, this Action is the first-filed action.

### B. No Exception to the First-to-File Rule Applies.

"The first-to-file rule was developed to 'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). To overcome the first-to-file rule "[t]here must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d, at 938 (reversing dismissal of the first-filed action in favor of later-filed action where such dismissal lacked sound reason). Exceptions to the first-to-file rule include whether the suit was anticipatory and intended to preempt another's infringement suit, "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, [] the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 938) (reversing dismissal of first-filed suit).[4] None of these exceptions apply in this action.

### 1. This Action Is Not an Anticipatory Suit Filed for the Purpose of Forum Shopping or Brought in Bad Faith.

Xilinx did not file this Action in "bad faith" or as an act of "forum shopping." A declaratory judgment action "allows a party who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." *Elecs. for Imaging*, 394 F.3d at 1345 (quotations omitted). This is precisely what Xilinx did by filing this Action.

Xilinx filed this Action in an effort to clarify the uncertain legal status of the products and patents at issue in the negotiations instituted by IV. Xilinx was not "forum shopping" by

---

[4] Considerations of real parties at interest is not an applicable factor in this Action.

selecting California as the forum to file its declaratory judgment action. Rather, Xilinx selected the California forum because its headquarters are in California, all of the accused products were developed in California, and all of its relevant fact witnesses are located in California.

This Action was properly filed in response to IV's repeated claims that certain Xilinx products infringed some of the patents in the IV portfolio during the course of the negotiations. IV's conduct during the negotiations was sufficient to put Xilinx on notice that IV "was at least considering suit . . . [but] gave no indication that a lawsuit was imminent . . . ." *Bryant*, 181 F. Supp. 2d at 1048-1049 (holding that declaratory judgment action was not anticipatory where defendant's letter threatened to "declare a breach" and "seek indemnification," thus putting plaintiff on notice, but not establishing that a lawsuit was imminent) (citation omitted).

Filing a proper declaratory judgment suit provided Xilinx with "relief from uncertainty" without requiring Xilinx to wait for IV to drop the hammer on Xilinx through litigation. "[T]he purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Elecs. for Imaging*, 394 F.3d at 1346 (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). Even IV's management publicly stated that "[d]eclaratory judgment actions such as the one Xilinx filed are a possibility for any patent owner in licensing negotiations." (*See* Shariati Decl., Ex. 1). Xilinx's filing of this Action to "obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist" is fully consistent with the "purpose of the Declaratory Judgment Act." *Genentech*, 998 F.2d at 937. The bad faith/forum shopping exception to the first-to-file rule does not apply in this case.

### 2. There Is No Showing of Inconvenience that Warrants Upsetting the Forum.

Nor can IV make any showing of inconvenience that would warrant upsetting the forum of the first-filed action. "[IV] must make a strong showing of inconvenience to warrant upsetting [the] choice of forum." *Decker*, 805 F.2d at 843. "[T]he court with jurisdiction over the first-filed action should weigh the convenience factors in the first instance." *Genentech, Inc. v. GlaxoSmithKline, LLC*, No. 5:10-cv-04255-JF/PVT, 2010 U.S. Dist. LEXIS 126773, at *12 (N.D.

Cal. Nov. 30, 2010) (citing *Alltrade*, 946 F.2d at 628 (granting motion to stay because the court with jurisdiction over the first-filed action had yet to rule on a motion to transfer). In evaluating the convenience factors, courts give considerable weight to the forum where the parties, witnesses, and relevant documents are located. *In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (reversing district court's denial of transfer based in part on the "convenience of the parties and witnesses" and the location of "sources of proof" in the transferee district).

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the [accused infringer's] documents are kept weighs in favor of . . . that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotations omitted); *see also Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 905 (Fed. Cir. 2008) (California is the more convenient forum where both parties do business in California and one party's "U.S. operations are based out of the Northern District of California"). Between Delaware and California, California is the more convenient forum for both parties.

Xilinx's relevant United States' operations are based in San Jose, California which is located in this District. Xilinx's relevant financial records; documents related to the development, production, and sales of the accused products; and other business records are located in California. The accused products in this case were all developed in California, and the majority of engineers who designed, produced, and tested the accused products are also located in California. Based on the information found on the patents-in-suit, even the inventors of the patents are located in California, as well as three of the four prosecuting attorneys.[5] These are each significant factors weighing in favor of the California forum. *See In re Acer*, 626 F.3d at 1256 (reversing the district court's denial of transfer where "Acer's allegedly infringing products were researched, designed, developed and tested within California, and all decisions regarding marketing, sales, and pricing of any such allegedly infringing products would have occurred predominantly in California" . . . "as are the inventor and patent prosecuting attorneys whose

---

[5] According to the patents, the inventor of the '669 patent is located in Kent, California; the inventor of the '325 and '087 patent is located in Fremont, California; and, the inventors of the '646 patent are located in Morgan Hill, California. Each of these locations is within the Northern District of California. The prosecutor for the '669 patent is located in Saratoga, California, and the prosecutor for the '325 and '087 patents is located in Kings Beach, California.

1 | work may be questioned at trial.") (Quotations omitted.)

2 | The California forum is also likely more convenient for IV. IV maintains an office in Mountain View, California, also located in this District. IV is based in Washington state, which is geographically closer to California than Delaware, and thus more convenient for transportation of witnesses, counsel, and hard-copy files and documents for potential trial. Neither Xilinx nor IV maintain any operational offices in Delaware. The inconvenience to all parties of transporting witnesses and documents across the country weighs in favor of enjoining the Delaware Action.

Finally, none of the remaining factors commonly considered when weighing convenience favor the Delaware Action over this Action. *See, e.g.*, *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (analyzing the convenience factors—such as familiarity of each forum with the applicable law, any local interest in the controversy, and relative court congestion—relevant to a motion to transfer). Thus, IV cannot establish a "strong showing of inconvenience." *Decker*, 805 F.2d at 843.

### 3. The Court Has Jurisdiction Over the Parties.

This Court has personal jurisdiction over IV by virtue of their sufficient minimum contacts with this forum as a result of the business they conduct within the State of California and within the Northern District of California. IV operates in the Northern District of California through one of its offices located in Silicon Valley. The Parties' meetings and negotiations that immediately preceded this Action all occurred in Palo Alto. Through these and other likely contacts IV has with this forum, the Court has personal jurisdiction over IV.

## VI. CONCLUSION

Pursuant to the first-to-file rule, Xilinx respectfully requests that the Court grant its motion to enjoin the Defendants from pursuing or further prosecuting the Delaware Action in the United States District Court for the District of Delaware.

Dated: April 11, 2011

JONES DAY

By: /s/ Behrooz Shariati

Behrooz Shariati
State Bar No. 174436
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650-739-3939
Facsimile: 650-739-3900

Attorneys for Plaintiff
XILINX, INC.

SVI-91757v1