1  Behrooz Shariati (State Bar No. 174436)
   bshariati@jonesday.com
2  JONES DAY
   Silicon Valley Office
3  1755 Embarcadero Road
   Palo Alto, CA  94303
4  Telephone:    650-739-3939
   Facsimile:    650-739-3900
5
   Attorneys for Plaintiff
6  XILINX, INC.

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11

12 | XILINX, INC.,                                    | Case No. 3:11-cv-00671 SI
13 |          Plaintiff,                              | XILINX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO ENJOIN
14 |    v.                                            | DEFENDANTS FROM PROSECUTING A DUPLICATIVE
15 | INVENTION INVESTMENT FUND I LP,                  | ACTION IN THE DISTRICT OF
   | INVENTION INVESTMENT FUND II LLC,                | DELAWARE PURSUANT TO THE
16 | INTELLECTUAL VENTURES LLC,                       | FIRST-FILED RULE
   | INTELLECTUAL VENTURES
17 | MANAGEMENT LLC, INTELLECTUAL                     | Date:      July 29, 2011
   | VENTURES I LLC, INTELLECTUAL                     | Time:      9:00 AM
18 | VENTURES II LLC,                                 | Place:     Courtroom 10, 19th Floor
   |                                                  | Judge:     Honorable Susan Illston
19 |          Defendants.
20                                                      PUBLIC VERSION

21

22

23

24

25

26

27

28

On July 8, 2011, the named defendants (collectively, "IV" or "Defendants") filed their Opposition to Plaintiff's Motion to Enjoin ("Opposition"). In accordance with Civil Local Rule 7-3(c), Plaintiff Xilinx, Inc. ("Xilinx" or "Plaintiff") respectfully submits this Reply in Support of Its Motion to Enjoin.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The two arguments raised by IV are unfounded and both must fail. First, since IV cannot dispute that Xilinx's complaint was first-filed, it instead argues that the first-filed rule should not apply because the complaint was anticipatory. However, such a conclusion is not supported by the facts or the authority IV cites. Indeed, even IV's own previous characterizations of the facts belie such a conclusion. Second, IV argues that the convenience factors weigh in favor of this Court deferring its judgment until Judge Stark has ruled on the pending motion to transfer the Delaware Action. However, it is this Court, as the first-filed court, that should weigh the convenience factors and rule on whether transfer is proper.

**I.    THE ANTICIPATORY SUIT EXCEPTION DOES NOT APPLY.**

Prior to filing its Opposition, IV characterized the prelitigation interactions between Xilinx and IV as "routine patent license discussions" and acknowledged that it was surprised that Xilinx filed its complaint in this Action. Defendant's Motion to Dismiss Xilinx's Complaint for Declaratory Judgment, at 1:16-18 (ECF No. 39); Declaration of Behrooz Shariati ("Shariati Decl."), Ex. 1 (February 16, 2011 email from N. Myhrvold to M. Gavrielov of Xilinx regarding recent events). In its opposition, however, IV makes a 180° turn and argues that Xilinx was under the imminent threat of litigation by IV and jumped the gun in filing this suit. Opp'n at 7:16-18 (ECF No. 74). Not only does IV's current position contradict IV's own prior statements, but it is unsupported by the facts of this case and the law of this Court, including the authority cited by IV in support of its position.

**A.    IV Misstates the Facts Preceding the Litigation.**

████████████████████████████████████████████████████████
████████████████████████████████████████████████ Opp'n at 5:5-12
(ECF No. 74). However, IV has not and cannot point to any evidence that IV threatened Xilinx

with any litigation. *See* Chernesky Decl., Exs. A & B (ECF Nos. 74-2 & 74-3). It is no surprise that IV never threatened Xilinx since Xilinx was, and remains to this day, a licensee of IV's with whom IV was engaged in what IV itself described as "routine patent license discussions." ECF No. 39 at 1. This also explains why IV was caught off guard by Xilinx's filing of this action. An unbiased reading of IV's own email correspondence supports this position. ▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The mere act of notifying Xilinx that it filed the Delaware Action is insufficient to constitute an imminent threat of litigation against Xilinx. Unlike the other named defendants in the Delaware Action, Xilinx has an established, long-term business relationship with IV Management and its affiliates, as IV has acknowledged. Opp'n at 2:9-24 (ECF No. 74). ▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

IV's own statements show that there were no "specific, concrete indications that a suit by [IV] was imminent." Opp'n at 5:5-12 (ECF No. 74) (quoting *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. Oct. 29, 2003). As such, the anticipatory filing exception does not apply.

### B. IV's Cited Authority Is Distinguishable.

To support its arguments, IV primarily relies upon the holdings in *Xoxide, Inc. v. Ford Motor Co.* and *Z-Line Designs, Inc. v. Bell'O Int'l LLC*. See Opp'n at 5-7 (ECF No. 74) (citing *Xoxide*, 448 F. Supp. 2d 1188 (C.D. Cal. 2006); *Z-Line Designs*, 218 F.R.D. 663 (N.D. Cal. Oct. 29, 2003)). However, even IV's cited authority fails to support IV's arguments.

In both *Xoxide* and *Z-Line Designs*, the patent holder sent a cease and desist letter that sought settlement and compliance before a firm deadline, and **expressly threatened litigation** in the event the deadline was not met. *Xoxide*, 448 F. Supp. 2d at 1193; *Z-Line Designs*, 218 F.R.D. at 665-66. In response, the alleged infringer secretly filed for declaratory judgment but delayed the patent holder from initiating litigation by misleading the patent holder into thinking that the alleged infringer intended to resolve the dispute without litigation. *Xoxide*, 448 F. Supp. 2d at 1194; *Z-Line Designs*, 218 F.R.D. at 666. None of these facts are present in this case. As stated above, it is beyond dispute that IV never threatened to add Xilinx to the Delaware Action if Xilinx failed to accept IV's "offer" by the February 28th deadline, and it strains credulity for IV to suggest that the "routine patent license discussions" that took place directly between IV's non-legal licensing executives and Xilinx's in-house counsel are anything like the "settlement discussions" that took place between the parties' outside legal counsel in *Xoxide* and *Z-Line Designs*. *Xoxide*, 448 F. Supp. 2d at 1190-92; *Z-Line Designs*, 218 F.R.D. at 664-66.

Finally, like the plaintiff in *Bryant v. Oxxford Express, Inc.*, Xilinx did have a "pre-existing motive" to filing this action. *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, at 1049 (C.D. Cal. 2000). As stated in its Motion, this motive was to clarify its rights regarding the patents IV alleged Xilinx infringed when it became apparent that IV's demands were unreasonable. See Liu Declaration at ¶ 14, (ECF No. 72).

### II. THE FIRST-FILED COURT SHOULD PROCEED WITH THE ACTION.

IV then asks this Court to punt on this motion because "Judge Stark's rulings on pending motions could inform (or render moot) this Court's considerations of injunctive relief . . . ." Opp'n at 10:3-12:2 (ECF No. 74). That is not the law. This Court, as the first-filed court, should first weigh the convenience factors and conduct the related jurisdictional analysis. *Alltrade, Inc.*

1     v. *Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95-96 (9th Cir. 1982)).

"The court in the second-filed action is not required to duplicate this inquiry." *Alltrade*, 946 F.2d at 628. "[T]he bright line rule allowing the court in the first-filed action to make the convenience determination comports with the policy of judicial economy that the first-to-file rule is intended to serve." *Meru Networks, Inc. v. Extricom, Ltd.*, No. C-10-02021 RMW, 2010 U.S. Dist. LEXIS 90212, at *5 (N.D. Cal. Aug. 31, 2010) (granting motion to dismiss where the action was filed hours after the first-filed action); *Genentech, Inc. v. GlaxoSmithKline, LLC*, Case No. 5:10-cv-04255-JF /PVT, 2010 U.S. Dist. LEXIS 126773, at *12 (N.D. Cal. Nov. 30, 2010) ("[T]he court with jurisdiction over the first-filed action should weigh the convenience factors in the first instance."). The first-filed court may then enjoin later filed actions. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Xilinx has moved to dismiss or transfer the claims in Delaware pursuant to the first-filed rule, and the co-defendants in that action have moved to transfer under 28 U.S.C. § 1404.[1] The Court in this action, as the first-filed action, should determine whether IV may proceed with their claims against Xilinx in Delaware, or whether they should be enjoined from doing so pursuant to the first-filed rule.

### III. CONCLUSION

For the reasons set forth above, and those set forth in Xilinx's Motion to Enjoin, Xilinx respectfully requests that the Court grant its motion to enjoin the Defendants from pursuing or further prosecuting the Delaware Action in the United States District Court for the District of Delaware.

---

[1] See *Intellectual Ventures I LLC v. Altera Corp.*, Case No. 1:10-cv-01065-LPS, ECF No. 36 filed on April 11, 2011 and ECF No. 43 filed on April 26, 2011, respectively (both motions were filed under seal).

| | | |
|---|---|---|
| 1 | Dated: July 15, 2011 | JONES DAY |
| 2 | | |
| 3 | | By: /s/ Behrooz Shariati |
| 4 | | Behrooz Shariati |
| 5 | | State Bar No. 174436<br>JONES DAY |
| 6 | | 1755 Embarcadero Road<br>Palo Alto, CA 94303 |
| 7 | | Telephone: 650-739-3939<br>Facsimile: 650-739-3900 |
| 8 | | Attorneys for Plaintiff<br>XILINX, INC. |

SVI-95420v5