1   Behrooz Shariati (State Bar No. 174436)          Bradford J. Black (SBN 252031)
    bshariati@JonesDay.com                           bblack@blackandchang.com
2   JONES DAY                                        BLACK & CHANG LLP
    Silicon Valley Office                            333 Main Street, Suite 2A
3   1755 Embarcadero Road                            San Francisco, CA 94105
    Palo Alto, CA  94303                             Office: 415.369.9423
4   Telephone:     650-739-3939                      Mobile: 202.415.9583
    Facsimile:     650-739-3900
5   Attorneys for Plaintiff                          DESMARAIS LLP
    XILINX, INC.                                     John M. Desmarais (admitted pro hac vice)
6                                                    jdesmarais@desmaraisllp.com
                                                     Michael P. Stadnick (admitted pro hac vice)
7                                                    mstadnick@desmaraisllp.com
                                                     230 Park Avenue
8                                                    New York, NY 10169
                                                     Telephone:   212-351-3400
9                                                    Facsimile:   212-351-3401

10                                                   Attorneys for Defendants
                                                     INVENTION INVESTMENT FUND I LP,
11                                                   INVENTION INVESTMENT FUND II LP,
                                                     INTELLECTUAL VENTURES, LLC
12                                                   INTELLECTUAL VENTURES
                                                     MANAGEMENT LLC,
13                                                   INTELLECTUAL VENTURES I LLC, and
                                                     INTELLECTUAL VENTURES II LLC
14

15                        UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17                          SAN FRANCISCO DIVISION

18

19  XILINX, INC.,                                    Case No.  3:11-cv-00671 SI

20

21                  Plaintiff,                       JOINT CASE MANAGEMENT
                                                     STATEMENT AND [PROPOSED]
22      v.                                           CASE MANAGEMENT ORDER

23  INVENTION INVESTMENT FUND I LP,                  Date:      July 29, 2011
    INVENTION INVESTMENT FUND II LLC,                Time:      2:30 pm
24  INTELLECTUAL VENTURES LLC,                       Place:     Courtroom 10, 19th Floor
    INTELLECTUAL VENTURES                            Judge:     Honorable Susan Illston
25  MANAGEMENT LLC, INTELLECTUAL
    VENTURES I LLC, INTELLECTUAL
26  VENTURES II LLC,

27                  Defendants.

28

1      Pursuant to Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Xilinx,

2  Inc. ("Xilinx") and Defendants Invention Investment Fund I LP, Invention Investment Fund II

3  LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I

4  LLC, and Intellectual Ventures II LLC (collectively, "Defendants"), respectfully submit this Joint

5  Case Management Statement and [Proposed] Case Management Order.

6  1.    **Jurisdiction, Venue, and Service**

7      Xilinx contends and Defendants dispute that this Court has subject matter jurisdiction over

8  Plaintiff's declaratory judgment claims against Defendants under 28 U.S.C. §§ 1331, 1338, 2201,

9  and 2202.  Xilinx contends that venue is proper in this Court under 28 § U.S.C. 1391(b).

10  Defendants have filed a motion to dismiss, or in the alternative to sever and transfer certain

11  claims to the District of Delaware, where a related infringement action is pending between Xilinx

12  and two of the Defendants concerning four of the patents-in-suit.  *See* Case No. 1:10-cv-01065-

13  LPS, *Intellectual Ventures I LLC et al v. Altera Corporation et al*.

14      All named defendants in this case have been served.

15  2.    **Facts**

16      On February 14, 2011, Xilinx filed this action against Defendants seeking a declaratory

17  judgment of invalidity and non-infringement of sixteen patents alleged by Xilinx to be owned by

18  one or more of the Defendants ("Patents-in-Suit") that were asserted against Xilinx by

19  representatives of some of the defendant entities during negotiations that took place in California

20  in late 2010 and early 2011.  In the alternative, Xilinx also seeks a declaration that the Defendants

21  lack standing to enforce the Patents-in-Suit.  Defendants have not yet answered Xilinx's

22  Complaint.  Rather, on April 11, 2011, Defendants filed a Motion to Dismiss Xilinx's Complaint

23  pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)2, and 12(b)(6).

24      There also exists a co-pending litigation in the District of Delaware, filed on December 8,

25  2010 by two of the Defendants in this action—Intellectual Ventures I LLC and Intellectual

26  Ventures II LLC.  The original complaint asserted claims for infringement of five patents—four

27  of them overlapping with the patents in this action—against Altera Corporation ("Altera"),

28  Lattice Semiconductor Corporation ("Lattice"), and Microsemi Corporation ("Microsemi").  On

February 15, 2011, Intellectual Ventures I LLC and Intellectual Ventures II LLC amended their pleading in the Delaware action to name Xilinx as a party.  Xilinx served its Complaint in this action on February 17, 2011.  On April 11, 2011, Xilinx moved the court in the Delaware action to dismiss or transfer the claims against Xilinx for coordination or consolidation with the instant action.  On April 26, 2011, Altera, Lattice, and Microsemi also moved the court in the Delaware action to transfer the claims against them pursuant to 28 U.S.C. § 1404(a).  The Delaware court has not yet ruled on those motions.

The Patents-in-Suit generally relate to the technology of semiconductor circuits and related software.

Xilinx contends that the principal disputes include whether any of Xilinx's products infringe any claim of the Patents-in-Suit; whether the Defendants have standing to enforce the Patents-in-Suit; whether any of the claims of the Patents-in-Suit are invalid and the meaning of the terms of the Patents-in-Suit. Other disputes may arise as the case progresses and the parties reserve all rights to address these issues.

Defendants contend that the principal disputes concern whether subject matter jurisdiction exists over some or all of Xilinx's declaratory judgment claims; whether Xilinx is entitled to a declaration that Xilinx products do not infringe claims of the Patents-in-Suit; whether Xilinx is entitled to a declaration that the Patents-in-Suit are invalid; and whether any of the Defendants have standing to enforce the Patents-in-Suit.  Defendants have moved to dismiss and therefore have not yet had the opportunity to assert affirmative defenses or counterclaims.  Defendants reserve the right to raise additional issues in the event this case goes forward, and once the full scope of claims, counterclaims, and defenses is known.

Reexaminations have been filed, and granted, for thirteen of the sixteen patents.  The following chart summarizes the status of the reexaminations for the Patents-in-Suit.

| Patent | Status |
|---|---|
| US 5,524,251 | • *Ex* parte reexamination filed Mar. 22, 2011<br>• Reexamination granted by USPTO June 3, 2011 for all claims |
| US 5,687,325 | • *Ex* parte reexamination filed Feb. 25, 2011<br>• Reexamination granted by USPTO Apr. 29, 2011 for all claims |

| Patent | Status |
|---|---|
| US 5,751,736 | • *Ex* parte reexamination filed Mar. 4, 2011<br>• Reexamination granted by USPTO May 27, 2011 for all claims |
| US 5,887,165 | • *Ex* parte reexamination filed Feb. 25, 2011<br>• Reexamination granted by USPTO May 12, 2011 for all claims |
| US 6,252,527 | • *Ex* parte reexamination filed Feb. 25, 2011 for claims 1-5, 8, 15, 17-22, 27, 29, 32, and 33 of 34<br>• Reexamination granted by USPTO May 19, 2011 for all requested claims |
| US 6,260,087 | • *Ex* parte reexamination filed Mar. 4, 2011<br>• Reexamination granted by USPTO Apr. 8, 2011 for all claims |
| US 6,272,646 | • *Inter partes* reexamination filed Feb. 18, 2011<br>• Reexamination granted by USPTO Apr. 28, 2011<br>• First Office Action Apr. 28, 2011 (rejecting all claims)<br>• Intellectual Ventures II, LLC filed response on June 28, 2011 |
| US 6,321,331 | • *Ex* parte reexamination filed Mar. 4, 2011<br>  o  Requesting reexamination of claims 1-5, 11-15, and 19-22 of 22<br>• Reexamination granted by USPTO Apr. 8, 2011 for all requested claims |
| US 6,408,415 | • *Ex* parte reexamination filed Mar. 11, 2011<br>• Reexamination granted by USPTO May 21, 2011 for all claims |
| US 6,687,865 | • *Ex* parte reexamination filed Mar. 18, 2011<br>• Reexamination granted by USPTO May 3, 2011 for all claims |
| US 6,747,350 | • *Inter partes* reexamination filed Feb. 18, 2011<br>• Reexamination granted by USPTO Apr. 22, 2011<br>• First Office Action Apr. 22, 2011 (rejecting all claims)<br>• Taichi Holdings, LLC filed response on June 22, 2011 |
| US 6,993,669 | • *Inter partes* reexamination filed Mar. 9, 2011<br>• Reexamination granted by USPTO May 27, 2011<br>• First Office Action May  27, 2011 (rejecting all claims) |
| US 7,080,301 | • *Inter partes* reexamination filed Mar. 18, 2011<br>• Reexamination granted by USPTO May 2, 2011<br>• First Office Action May  2, 2011 (rejecting all claims)<br>• Intellectual Ventures I, LLC filed response on July 5, 2011 |

3.    **Legal Issues**

Defendants have moved to dismiss and/or transfer this action, and that motion remains

pending.  As such, Defendants have not yet had the opportunity to file responsive pleadings,

plead affirmative defenses, or assert counterclaims.  Subject to and without waiving their

respective positions and arguments, based on the current posture of the litigation, the parties

assert that some of the disputed points of law include but are not limited to the following:

(a)   Whether the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 132;

(b)   Whether Xilinx has infringed and/or is infringing the Patents-in-Suit;

(c)   Whether any of the Defendants have standing to enforce the Patents-in-Suit;

(d)   Whether  Xilinx is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(e)   Whether the Court has jurisdiction over Xilinx's claims;

(f)   Whether Xilinx has adequately pled claims for relief; and

(g)   Whether overlapping claims shall be transferred to Delaware.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action, including any issues based on affirmative defenses or counterclaims later asserted by Defendants.

4.   **Motions**

Pending before the Court is Xilinx's Motion to Enjoin Defendants From Prosecuting a Duplicative Action in the District of Delaware Pursuant to the First-Filed Rule; and Defendants' Motion to Dismiss Xilinx's Complaint.

If Defendants' pending motion to dismiss is denied, and/or if Xilinx clarifies the relief sought through its declaratory claims, Defendants may file a motion to dismiss for lack of declaratory judgment jurisdiction.  Defendants may also file a motion to stay any claims remaining in this action in light of developments in reexaminations concerning the Patents-in-Suit that have been initiated by Xilinx.

Depending on the evidence adduced during discovery and the Court's ruling on claim construction, the parties may file motions for summary judgment on the issues of infringement, validity, or other bases justified by the evidence.

5.   **Amendment of Pleadings**

Defendants have not yet filed responsive pleadings.  The parties do not currently anticipate amending their pleadings, but reserve the right to do so in response to the Court's ruling on Defendants' pending motion to dismiss, and based on new information or as a result of

1   upcoming discovery.

2   6.   **Evidence Preservation**

3        The parties have taken steps to preserve evidence relevant to the issues reasonably evident

4   in this action.

5   7.   **Disclosures**

6        The parties agree that they will exchange their Rule 26(a)(1) Initial Disclosures,

7   Infringement Contentions, and Invalidity Contentions, respectfully, in accordance with the

8   detailed discovery plan set forth in Paragraph 17, below.

9   8.   **Discovery**

10       No discovery has been taken to date and except for any discovery ordered by the Court in

11  connection with the pending motions, the parties agree that general discovery will not commence

12  until 14 days after all IV defendants have answered the complaint.  Defendants contend that

13  efforts to craft an appropriate discovery plan and case schedule prior to resolution of pending

14  motions are premature, and that it may therefore be necessary to revisit the below proposals once

15  those motions are resolved.  Assuming the case proceeds, discovery will include mandatory Rule

16  26 disclosures, patent disclosures pursuant to the Patent Local Rules, written discovery,

17  depositions, and third-party discovery relating to the allegations in Xilinx's Complaint and any

18  answer, affirmative defenses or counterclaims filed by Defendants.  Targeted discovery may be

19  needed to respond to the pending motions to dismiss.

20       Subject to the foregoing, the parties propose the following limitations or modifications to

21  the discovery rules:

22       **Depositions.**  Expert Witnesses – 7 hours per expert.  If any technical expert offers an

23  opinion on more than 1 patent, an additional 4 hours of deposition testimony shall be allowed for

24  each additional patent.

25       **Modification to obligations and deadlines set forth in Patent Local Rules.**  Because of

26  the complexity of this case, and the large number of patents asserted, the parties propose the

27  following modifications to the deadlines set forth in the Patent Local Rules:

28       • **Disclosure of Asserted Claims**—due 60 days after filing of Answer (rather than

14 days after the Case Management Conference);

- **Invalidity contentions**—due 60 (rather than 45) days after service of Disclosure of Asserted Claims;

- **Exchange of preliminary claim constructions**—due 35 (rather than 21) days after exchange of proposed terms for construction;

- **Joint Claim Construction and Prehearing Statement**—due 120 days (rather than 60) after service of invalidity contentions;

- **Close of Claim Construction Discovery**—75 (rather than 30) days after service of Joint Claim Construction and Prehearing Statement;

- **Opening Claim Construction brief**—due 75 (rather than 45) days after service of Joint Claim Construction and Prehearing Statement;

- **Responsive Claim Construction Brief**—30 (rather than 14) days after service of opening briefs;

- **Reply Claim construction brief**—30 (rather than 7) days after service of responsive briefs.

- **Claim construction hearing**—60 days (rather than 2 weeks) after filing reply claim construction briefs.

The parties will attempt to stipulate to production protocols for electronically stored information and a Protective Order. The parties have reached an agreement regarding claims of privilege or claims of immunity from discovery asserted after production, as follows:

> The inadvertent disclosure in this litigation of a document that a producing party believes constitutes, contains or reflects information protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Document") shall not constitute a waiver or estoppel with respect to such Privileged Document. In the event of such inadvertent disclosure of a Privileged Document, the producing party at any time may provide written notice to the parties receiving such document requesting that all copies of such Privileged Document be returned to the producing party. This written notice shall include a privilege log for each such document, including the privilege(s) claimed for each document and a description of each document. All parties receiving such written notice and accompanying privilege log shall immediately return all copies of the Privileged Document(s) described in the notice, shall delete such material from any litigation-support or other database, shall destroy all notes or other work product reflecting the contents of such document and shall not use such Privileged Document; provided, however, that

any party receiving such notice, after returning the Privileged Document, may, within fifteen (15) court days after receiving such notice, and on reasonable notice to all other parties and based on a ground other than the inadvertent production of such document, move for an order challenging the claim of privilege for such document.  In making such a motion, the moving party shall not disclose the content of the Privileged Document at issue, except as ordered by the Court.

A detailed proposed discovery plan is set forth in Paragraph 17, below.

9.    **Class Actions**

Not Applicable.

10.    **Related Cases**

There exists a co-pending litigation in the District of Delaware, filed on December 8, 2010 by two of the Defendants in this action—Intellectual Ventures I LLC and Intellectual Ventures II LLC.  *See* Case No. 1:10-cv-01065-LPS, *Intellectual Ventures I LLC et al v. Altera Corporation et al*.  The original complaint asserted claims for patent infringement against Altera Corporation ("Altera"), Lattice Semiconductor Corporation ("Lattice"), and Microsemi Corporation ("Microsemi").  The patents asserted include four of the sixteen patents at issue in the present action.  On February 15, 2011, Defendants Intellectual Ventures I and Intellectual Ventures II amended their complaint in Delaware to add Xilinx as a defendant.

11.    **Relief**

Xilinx seeks (1) declarations that its products have not infringed and do not infringe the patents-in-suit and that the Defendants do not have standing to enforce some of the Patents-in-Suit; (2) reasonable attorneys' fees, expenses, and costs of suit under 35 U.S.C. § 285; (3) an order enjoining Defendants from charging infringement of, or instituting any action for infringement of the Patents-in-Suit.

Defendants have not answered the complaint or asserted any counterclaims to date. Defendants will specify any relief sought in any responsive pleading(s).

12.    **Settlement and ADR**

The parties agree to participate in a Court sponsored mediation.  Rulings on claim construction and any motions for summary judgment will position the parties to negotiate towards a resolution.  Therefore, the parties request scheduling mediation no earlier than the Court's

1  ruling on claim construction.

2  13.    **Consent to a Magistrate Judge for All Purposes**

3      The parties have not consented to have a Magistrate Judge conduct all proceedings in this

4  case.

5  14.    **Other References**

6      The parties do not believe that this case is suitable for reference to binding arbitration or a

7  special master. Defendants contend that reference to the Judicial Panel on Multidistrict Litigation

8  may be appropriate if both this Court and the co-pending Delaware litigation proceed on the

9  overlapping claims concerning four of the Patents-in-Suit.

10  15.    **Narrowing of Issues**

11      The parties anticipate that the pending motion to dismiss and/or the above referenced

12  motions for summary judgment may narrow the issues in this case.

13  16.    **Expedited Schedule**

14      The parties are not amenable to an expedited case management schedule pursuant to

15  Federal Rule of Civil Procedure 26(f)(4).

16  17.    **Scheduling**

17      Assuming this case proceeds after a ruling on Defendants' pending motion to dismiss, the

18  parties propose the following case schedule. The time limits that the parties propose are as set out

19  in the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Patent Local Rules

20  except as herein modified. Dates for events that have been modified from Local or Federal Rules

21  are indicated by the highlighted rows.

| Proposed Dates Agreed Upon by Parties | Xilinx's Proposed Dates | Defendant's Proposed Dates | Scheduled Event |
|---|---|---|---|
| 7/29/2011 | | | Initial Case Management Conference |
| | | 20 days after ruling on Defendants' Motion to Dismiss or amendment of Xilinx's Complaint | Last day for filing Defendants' responsive pleading(s) |
| | | 14 days after filing of Answer | Last day to exchange Rule 26 Initial Disclosures; General discovery opens |
| | | 60 days after filing of Answer | Last day for Defendants to serve Disclosure of Asserted Claims and Infringement Contentions and comply with Patent L.R. 3-2 |
| | 10/11/2011 | 60 days after service of Disclosure of Asserted Claims | Last day for Xilinx to serve Invalidity Contentions and comply with Patent L.R. 3-4 |
| | 10/25/2011 | 30 days after service of Invalidity Contentions | Last day for simultaneous exchange of proposed terms and claim elements for construction |
| | 11/29/2011 | 35 days after exchange of proposed terms for construction | Last day for parties to exchange Preliminary Claim Constructions and extrinsic evidence |
| | 2/8/2012 | 120 days after service of invalidity contentions | Last day for parties to file Joint Claim Construction and Pre-hearing Statement |
| | 4/23/2012 | 75 days after filing of Joint Claim Construction and Prehearing Statement | Last day to take discovery relating to claim construction |

| | | | |
|---|---|---|---|
| | 4/23/2012 | 75 days after filing of Joint Claim Construction and Prehearing Statement | Last day for Defendants to file opening claim construction brief and supporting evidence |
| | 5/23/2012 | 30 days after filing of opening claim construction brief | Last day for Xilinx to file responsive claim construction brief and supporting evidence |
| | 6/22/2012 | 30 days after filing of responsive claim construction brief | Last day for Defendants to file reply claim construction brief and rebuttal evidence |
| | 8/21/2012 | One week before Claim Construction Hearing | Technology tutorial for the Court and Claim Construction Prehearing Conference |
| | 8/24/2012 | 60 days after filing of reply claim construction brief | Claim Construction Hearing or at the Court's convenience on a later date |
| | 30 Days after the Court's Claim Construction Ruling | | Case Management Conference to set the remaining dates in the case. |

18. **Trial**

Xilinx has requested a jury trial and estimates a 15 day trial.

Defendants believe that efforts to establish parameters for trial are premature in light of the pending motion to dismiss and/or transfer and the resulting uncertainty as to whether the case will go forward and in what form. Assuming that the case goes forward on all of the current patents, Defendants will also request trial by jury and estimate an 15 day trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

Xilinx filed a Disclosure Statement pursuant to Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1 in which it disclosed that it is a nongovernmental, publicly held, corporate

party in this action and that it has no parent corporation and no publicly held corporation which owns 10% or more of its stock.

Defendants filed a Disclosure Statement pursuant to Civil Local Rule 3-16 and Federal Rule of Civil Procedure 7.1 in which they certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Adobe Systems Incorporated:  Financial interest in Defendant Invention Investment Fund II, LLC

- Allen SBH Investments LLC:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- Amazon.com NV Investment Holdings Inc., an affiliate of Amazon.com, Inc.: Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

- American Express Travel Related Services Company, Inc.:  Financial interest in Defendant Invention Investment Fund I, L.P.

- Apple Inc.:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Board of Regents of The University of Texas System:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- The Board of Trustees of the Leland Stanford Junior University:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Certain funds of Charles River Ventures:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Cisco Systems, Inc.:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Commonfund Capital Venture Partners VII, L.P.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- Cornell University:  Financial interest in Defendants Invention Investment Fund I,

L.P. Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Detelle Relay KG, LLC:  Non-financial interest in the outcome of the litigation

- Detkin, Peter:  Financial and/or non-financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, Intellectual Ventures II LLC, and Intellectual Ventures Management, LLC

- Dobkin, Eric:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Dore Capital, L.P., and affiliate of The Vanderbilt University:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- eBay Inc.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

- Fields, Richard:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- The Flora Family Foundation:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Google Inc.:  Financial interest in Defendant Invention Investment Fund I, L.P.

- Gorder, Gregory:  Financial and/or non-financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, Intellectual Ventures II LLC, and Intellectual Ventures Management, LLC

- Gould, Paul:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- Grinnell College:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Holiber, Adam:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Howard Hughes Medical Institute:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Intel Corporation:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Intellectual Venture Funding LLC:  Non-financial interest in the outcome of the litigation

- International Bank for Reconstruction and Development, as trustee:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- JP Morgan Chase Bank, N.A., as trustee for White Plaza Group Trust:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- Jung, Edward:  Financial and/or non-financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, Intellectual Ventures II, LLC, Intellectual Ventures Management, LLC and Intellectual Ventures, LLC

- Latrosse Technologies, LLC:  Non-financial interest in the outcome of the litigation

- Mayo Clinic and Mayo Foundation Master Retirement Trust:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Certain funds of McKinsey and Company, Inc.:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

- Microsoft Corporation:  Financial interest in Defendants Invention Investment Fund, I L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Myhrvold, Nathan:  Financial and non-financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, Intellectual Ventures II LLC, Intellectual Ventures Management, LLC, and Intellectual Ventures, LLC

- Next Generation Partners V, L.P.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

- Nokia Corporation:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

- Noregin Assets N.V., L.L.C.:  Financial interest in the outcome of the litigation

- Northwestern University:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

1

2

- Nvidia International Holdings, Inc., an affiliate of Nvidia Corporation:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

3

4

- OC Applications Research LLC:  Financial interest in the outcome of the litigation

5

6

- Peretsman, Nancy:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

7

- Roldan Block NY, LLC:  Financial interest in the outcome of the litigation

8

9

- SAP America, Inc.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

10

11

- Sequoia Holdings, LLC:  Financial interest in Defendants Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

12

13

- Sony Corporation:  Financial interest in Defendants Invention Investment Fund I, L.P., Invention Investment Fund II, LLC, Intellectual Ventures I LLC, and Intellectual Ventures II LLC

14

- Taichi Holdings, LLC:  Non-financial interest in the outcome of the litigation

15

16

- The Rockefeller Foundation:  Financial interest in Defendant Invention Investment Fund I, L.P., and Intellectual Ventures I LLC

17

18

- Certain funds of TIFF Private Equity Partners:  Financial interest in Defendants Invention Investment Fund I, L.P., and  Intellectual Ventures I LLC

19

- TR Technologies Foundation LLC:  Non-financial interest in the outcome of the litigation

20

21

- Trustees of the University of Pennsylvania:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

22

23

- University of Southern California:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

24

25

- Verizon Corporate Services Group Inc., an affiliate of Verizon Communications Inc.:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

26

27

- The William and Flora Hewlett Foundation:  Financial interest in Defendants Invention Investment Fund II, LLC, and Intellectual Ventures II LLC

28

- Xilinx, Inc.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

- Yahoo! Inc.:  Financial interest in Defendants Invention Investment Fund I, L.P., and Invention Investment Fund II, LLC

20.   **Claim Construction Hearing**

Assuming that the case goes forward, the parties are willing to provide the Court with a tutorial on the technologies remaining at issue.  As to the order of presentation at the hearing, the parties will present in the order that the Court normally hears the parties' presentations.  The parties request that the Court grant at least one full day for Claim Construction Hearing.

21.   **Other Relevant Matters**

A.   *Protective Order*:  The parties will submit a two-tier protective order based on the form provided by the Northern District of California.

B.   *Privilege Log Limits*:  The parties agree that any documents created on or after February 14, 2011 (the date of filing of this action) concerning this Action that are withheld on the basis of the attorney-client privilege or the work-product doctrine do not need to be identified on a privilege log.

C.   *Collection and Production of Electronically Stored Information (ESI)*:   The parties will negotiate in good faith to reach an agreement regarding protocols for the collection and production of electronically stored information.

1

Dated:  July 22, 2011

2

3

4

5

6

7

8

9

10   DATED:  July 22, 2011

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JONES DAY

By:   /s/ Behrooz Shariati

     Behrooz Shariati
     State Bar No. 174436
     JONES DAY
     1755 Embarcadero Road
     Palo Alto, CA  94303
     Telephone:     650-739-3939
     Facsimile:     650-739-3900

Attorneys for Plaintiff
XILINX, INC.

BLACK & CHANG LLP

By:   /s/ Bradford Black

Bradford J. Black (SBN 252031)
bblack@blackandchang.com
Black & Chang LLP
333 Main Street, Suite 2A
San Francisco, CA 94105
Office: 415.369.9423
Mobile: 202.415.9583

DESMARAIS LLP
John M. Desmarais (admitted pro hac vice)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (admitted pro hac vice)
mstadnick@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

Attorneys for Defendants

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:11-cv-00671 SI

1    The Case Management Statement and Proposed Order is hereby adopted by the Courts as

2    the Case Management Order for the case and the parties are ordered to comply with this Order.

3

4    IT IS SO ORDERED.

5

6    Dated: _____        By:_____

7                                              THE HONORABLE SUSAN ILLSTON
                                              United States District Judge
8                                              Northern District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:11-cv-00671 SI