1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 XILINX, INC.,                                    No. C 11-0671 SI

9          Plaintiff,                              **ORDER RE: MOTIONS TO ENJOIN,
                                                   DISMISS AND/OR TRANSFER**
10    v.

11 INVENTION INVESTMENT FUND I LP,
   et al.,

12

13          Defendants.
   _____/

14

15          Xilinx's motion to enjoin prosecution of a parallel Delaware action, and defendants' motion to

16 dismiss Xilinx's complaint, are currently scheduled for hearing on July 29, 2011. Pursuant to Civil

17 Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and

18 hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown,

19 the Court DENIES Xilinx's motion, GRANTS in part and DENIES in part defendants' motions, and

20 SEVERS and TRANSFERS certain claims to the District of Delaware.

21          The Case Management Conference set for July 29, 2011 at 2:30 p.m. remains on calendar.

22

23                                         **BACKGROUND**

24          Plaintiff Xilinx, Inc. is a Delaware corporation with its principal place of business at 2100 Logic

25 Drive, San Jose, California 95124. Compl. for Decl. J. ¶ 2. Xilinx is in the business of "designing,

26 developing and marketing complete programmable logic solutions, including advanced integrated

27 circuits, software design tools, predefined system functions delivered as intellectual property cores,

28 design services, customer training, field engineering and customer support." *Id*. ¶ 2. Defendants, six

**United States District Court**
For the Northern District of California

Delaware entities,[1] have their principal place of business at 3150 139th Avenue SE, Building 4, Bellevue, Washington 98005. *Id.* ¶ 3. Defendants are in the business of acquiring intellectual property assets and offering licencing to investors. *Id.* ¶ 4.

Neither party disputes that, in 2010 and 2011, Xilinx and defendants were engaged in discussions concerning the possibility of Xilinx licencing certain patents from defendants. *See, e.g.*, Motion to Dismiss ("MTD") at 3:23-24. Defendants had been involved in similar, ultimately unsuccessful, negotiations with some of Xilinx's competitors. When those negotiations foundered, defendants filed an infringement suit against the competitors in the District of Delaware (hereafter referred to as the "Delaware Action") on December 8, 2010. MTD at 4:1-2. On the same day that defendants filed the Delaware Action, they informed Xilinx that the suit was filed to enforce defendant's invention rights after efforts to negotiate licenses had broken down. Declaration of Behrooz Shariati in Supp. of MTD (Shariati Decl.), Ex. 11. In the Delaware Action, Xilinx's competitors filed cross claims challenging the validity of four of defendants' patents.

On February 14th, 2011, Xililnx filed this complaint for declaratory judgement of non-infringement and invalidity of sixteen patents,[2] including the four patents at issue in the Delaware Action. On February 15, 2011, defendants filed a first amended complaint in the Delaware Action adding Xilinx as a party defendant to the infringement suit.

Currently before this Court are defendants' motion to dismiss and Xilinx's motion to enjoin defendants from prosecuting the "duplicative" action in the District Court of Delaware.

## DISCUSSION

---

[1] Invention Investment Fund I LP (a limited partnership); Invention Investment Fund II LLC, Intellectual Ventures LLC, Intellectual Ventures Management LLC, Intellectual Ventures I LLC (IV I) and Intellectual Ventures II LLC (IV II).

[2] U.S. Patent Nos. 5,524,251 ("the '251 patent"); 5,678,325 ("the '325 patent"); 5,751,736 ("the '736 patent"); 5,887,165 ("the '165 patent"); 6,252,527 ("the '527 patent"); 6,260,087 ("the '087 patent"); 6,272,646 ("the '646 patent"); 6,321,331 ("the '331 patent"); 6,408,415 ("the '415 patent"); 6,687,865 ("the '865 patent"); 6,698,001 ("the '001 patent"); 6,747,350 ("the '350 patent"); 6,768,497 ("the '497 patent"); 6,993,669 ("the '669 patent"); 7,080,301 ("the '301 patent"); 7,100,061 ("the '061 patent");

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**I.      Xilinx's motion to enjoin defendants from prosecuting the action in Delaware pursuant to first-to-file rule**

**A.      Legal standard**

Defendants filed their action in the District of Delaware on December 8, 2010.  Xilinx filed its action in this District on February 14, 2011.  Defendants added Xilinx as a party defendant to the Delaware Action on February 15, 2011.

Xilinx moves to enjoin defendants from prosecuting their claims against Xilinx in the Delaware Action under the first-to-file rule. The first-to-file rule was developed to "'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F.2d 622, 625 (9th Cir.1991), *quoting Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979). Under the first-to-file rule, a district court may transfer, stay or dismiss an action when a similar action has been filed in another district court. *See Alltrade*, 946 F.2d at 625-26. When deciding whether to apply the first-to-file rule, the court must look at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Id.* "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are substantially similar." *Alioto v. Hoiles*, No. C 04-1395 PJH, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (internal quotation marks omitted).

The first-to-file rule, however, is not to be "mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 844 (9th Cir. 1986) (citation omitted).  As such, courts can decline to apply the first-to-file rule in circumstances of "bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628.  Courts can also look to the respective convenience of the courts and parties in deciding whether to apply the first-to-file rule. *See Altrade*, 946 F.2d at 628; *See also Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

**B.      Application of first-to-file rule to the present matter**

The parties do not contest that the threshold factors required for application of the first-to-file rule support the plaintiff here. *See Alltrade*, 946 F.2d at 625-26.  This action was filed one day before

3

1   the Delaware Action, the parties are the same, and the validity of the four patents at issue in the

2   Delaware Action is also at issue here.  However, because this Court finds that the action was

3   anticipatory and that concerns for judicial economy and efficiency weigh in favor of allowing the

4   Delaware Action to proceed against Xilinx, the motion will be denied.

5       Neither party disputes that in late 2010 and early 2011, Xilinx and defendants were engaged in

6   discussions concerning the possibility of Xilinx licencing certain patents.  *See, e.g.*, MTD at 3:23-24.

7    Before the end of these discussions, defendants filed suit against three of Xilinx's competitors (who

8   countered by alleging invalidity and non-infringement of the four patents at issue).  MTD at 4:1-2.  On

9   the same day the suit was filed, defendants notified Xilinx of the suit against Xilinx's competitors.

10  Shariati Decl., Ex.11.  With this information, and with negotiations foundering, Xilinx responded by

11  filing this lawsuit, seeking to invalidate the four patents at issue in the Delaware Action as well as

12  challenging additional patents.  In these circumstances, this Court finds the action anticipatory.  *See*

13  *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) ("'In addition, where . .

14  . a declaratory judgment action has been triggered by a cease and desist letter' that both seeks settlement

15  and notifies the party of the possibility of litigation upon collapse of negotiations, 'equity militates in

16  favor of allowing the second-filed action to proceed to judgment rather than the first.'") (quoting *Z-Line*

17  *Designs*, 218 F.R.D. at 667).  While a formal cease and desist letter was not issued here, defendants

18  communicated their "intention to enforce [their] intellectual property rights" should negotiations break

19  down by informing Xilinx of the Delaware Action against Xilinx's competitors.  *See Z-Line Designs*,

20  218 F.R.D. at 665-66.

21      This court also finds persuasive the fact that, in the Delaware Action, Xilinx's competitors have

22  asserted invalidity and non-infringement claims against four of the patents at issue here.  Therefore,

23  even if defendants were enjoined from prosecuting the Delaware Action against Xilinx, the Delaware

24  court must construe and determine the validity of the four patents that overlap the two actions.  As

25  described below, in granting defendants' motion to transfer the claims regarding the four "overlapping"

26  patents to Delaware, concerns for judicial economy and efficiency weigh in favor of not enjoining the

27  Delaware Action against Xilinx but allowing the overlapping patents to be litigated in Delaware.

28      Xilinx's motion to enjoin defendants from prosecuting a duplicative action in the District of

1   Delaware is DENIED.

2

3   **II.     Defendants' motion to dismiss or, in the alternative, transfer claims on "overlapping"**
        **patents to the District of Delaware.**
4

5           **A.     Xilinx does not have standing to sue defendants over patents not owned by a named**
                **defendant (Patents '251, '736, '165, '331, '350, '497, and '061).**

6           Defendants have moved to dismiss Xilinx's claims for declaratory judgement on seven patents

7   it alleges are owned by parties that are not named in this suit. *See* MTD at 5:23-26. Defendants have

8   also submitted evidence that parties other than defendants are the owners or assignees of these seven

9   patents. *See* MTD at 7:7-10; Declaration of Ameet A. Modi (Modi Decl.), ¶¶ 7-13, Exs. F-L. Xilinx

10  cannot bring a complaint seeking declaratory judgement regarding the seven patents not owned by

11  defendants because, "(i)n order for a plaintiff to have standing in a declaratory action involving

12  allegations of patent infringement, the defendant[s] must have a legal right in the patent at issue that

13  would allow the defendant[s] to bring suit for infringement." *Top Victory Elecs. v. Hitachi Ltd.*, No.

14  10-01579-CRB, 2010 WL 4722482, at *2 (N.D. Cal. Nov. 15, 2010). Moreover, the non-present parties

15  cannot protect their interest in defending the validity of these seven patents. They are, as such,

16  necessary and indispensable parties to the claims over these patents in accordance with Fed. R. Civ. P.

17  19.

18          Xilinx opposes the motion only by arguing that because, during the parties' negotiations,

19  defendants pressured Xilinx to license rights for these patents, defendants should not now be able to

20  argue that they cannot be sued over them. Xilinx Opp. to MTD at 6-7. Xilinx fails to address

21  defendants' arguments or distinguish defendants' persuasive cases.

22          Accordingly, defendants' motion to dismiss Xilinx's claims for declaratory judgment regarding

23  the seven patents not owned by defendants is GRANTED without leave to amend.

24

25          **B.     Transfer of Patents '325, '087, '646 and '669, owned by defendants IV I and IV II**
                **and part of Delaware Action.**
26

27          The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy and money and to

28  protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*

*v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation omitted).  A motion to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  To support a motion for transfer the moving party must establish "that the transferee district is one where the action might have been brought and that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice."  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

It is clear that Xilinx could have brought the complaint in the District of Delaware as Xilinx and defendants are all Delaware corporations and subject to personal jurisdiction there.  *See International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945).  Defendants argue that transfer to the District of Delaware serves judicial economy and will promote the interests of justice to avoid what could be inconsistent rulings between this Court and the District of Delaware as to the four patents at issue in both cases.  *See* MTD at 8:4-5.

Xilinx relies heavily on the first-to-file rule as rationale to deny severance and transfer of these claims; however the Court has declined to apply the first-to-file rule. *Supra* at 6-7.  Xilinx then argues that "California is the more convenient factor [sic] for both parties, as well as non parties witnesses." Opp. to MTD at 15:4-5.  However, the Court finds that the risks of inconsistent rulings on the "overlapping" patents and the use of additional judicial resources outweigh the inconvenience asserted by the Xilinx.  *See Van Dusen,* 376 U.S. at 616; *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).  The concurrent use of resources to adjudicate identical issues in different district courts is exactly the "wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co.,* 364 U.S. at 26.  Further, any decision made on the claims involving the "overlapping" patents in this Court may affect the current proceeding in the District of Delaware.  The motion to sever and transfer the twelve claims relating to the four patents that are already part of the Delaware Action to the District of Delaware is GRANTED.[3]

---

[3] Defendants also allege that the Court does not have personal jurisdiction over defendants IV-I and IV-II.  *See* MTD at 8-10.  However, as discussed below, the Court finds it has specific jurisdiction over these two defendants in relation to the claims at issue.

**C.**     **Patents '527, '415, '865, '001 and '301, owned by defendants IV-I and IV-II and not part of the Delaware Action**

   **(1)**     **Jurisdiction**

With respect to the five remaining patents at issue in this case, defendants argue that the Court does not have jurisdiction over the two entities that own these patents—Intellectual Ventures I LLC (IV-I) and Intellectual Ventures II LLC (IV-II).   Federal Circuit law controls questions of personal jurisdiction in declaratory judgment actions involving patents.   *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008).   An action seeking a declaration of non-infringement, invalidity, or unenforceability of a patent requires personal jurisdiction — specific or general — over the owner, assignee, or exclusive licensee of the patent.   *See id*. at 1329-30.   Where discovery has not yet been conducted, the plaintiff must make a prima facie showing that the defendants are subject to personal jurisdiction.   *Id*. at 1328-29.

To establish specific jurisdiction, the plaintiff must demonstrate that the defendants "purposefully directed" their activities at the residents of the forum and that the litigation results from injuries that "arise out of or relate to" those activities.   *Id.* at 1330.   The defendants, in turn, bear the burden of asserting that such personal jurisdiction is not "reasonable and fair."   *See id.* at 1332.   To establish general jurisdiction, plaintiffs face a higher burden of establishing "minimum contacts" between the defendants and the forum.   *Id.* at 1330.

Defendants argue that because "Intellectual Ventures I LLC and Intellectual Ventures II LLC are Delaware limited liability companies that were formed in December 2010 . . . and have conducted no business in California, the allegations in Xilinx's Complaint do not remotely approach a *prima facie* showing of personal jurisdiction."   MTD at 10:1-5.   However, Xilinx argues persuasively that this Court has specific jurisdiction[4] over the defendants by submitting evidence that IV-I and IV-II purposefully directed activities at Xilinx in the forum, and that Xilinx's injury arose out of that activity.   *See* Opp. to MTD, at 8:16-24.   Specifically, Xilinx's evidence shows that between December 2010 and February

---

[4] Xilinx also argues that defendants, as mere agents of a parent operation that satisfies the minimum contacts of general jurisdiction, are also subject to the general jurisdiction of this Court.   *See* Opp. to MTD at 10:1-12.   Having found specific personal jurisdiction, the Court need not reach this argument.

2011, two persons, Joe Chernesky and Mark Wilson, representing IV-I and IV-II corresponded and met with Xilinx within this district regarding patent licensing negotiations. Lui Decl. ¶¶ 8-10; *see also* Shariati Decl., Ex. 11 (Dec. 8, 2010 email from Chernesky notifying Xilinx that IV-I and IV-II filed suit in Delaware against Xilinx's competitors). These specific allegations go beyond boilerplate language in establishing a prima facie showing of personal jurisdiction over IV-I and IV-II through their activities in the forum for the claims in this lawsuit. *Cf. Avocent*, 552 F.3d at 1338 (holding that bare assertions of personal jurisdiction of unspecified activity are "fatally deficient"). This Court finds that it has personal jurisdiction over the IV-I and IV-II for the claims relating to the five remaining patents in this case.

### (2)     Sufficiency of pleading

A complaint is insufficient and must be dismissed if it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United*

1    *States*, 58 F.3d 494, 497 (9th Cir. 1995)).

2        Defendants first move to dismiss the invalidity claims related to the five remaining patents on

3    the grounds that Xilinx's complaint is "devoid of factual allegations," and simply asserts that the

4    Patents-in-Suit are invalid under four sections of the Patent Act. MTD at 12. In particular, defendants

5    argue that Xilinx should be required to link each challenged patent with a particular defect as well as

6    some factual basis for each alleged defect. *Id.* Xilinx relies on *Winstron Corp. v. Phillip M. Adams &*

7    *Assocs.*, No. C–10–4458 EMC, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011), which held that

8    plaintiffs need not meet heightened pleading requirements for patent invalidity because requiring them

9    to do so would ignore the district's Patent Local Rules. *Winstron*, 2011 WL 1654466, at *11 (a

10   heightened pleading requirement for patent invalidity would "circumvent this Court's Patent Local

11   Rules which require detailed disclosures as to invalidity contentions soon after the suit is filed").

12   However, this Court has held that it will not accept "wholly conclusory allegations" in a claim alleging

13   patent invalidity, and that simply "pleading the citation" to a section of the Patent Act is not sufficient.

14   *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004); *see also Wordtech Sys.,*

15   *Inc. v. Integrated Networks Solutions Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010) (noting that an

16   allegation that "claims of the Patents are invalid for failure to comply with" the statutory requirements

17   provides "little notice"). In *Qarbon*, the counterclaim alleged that "the '441 patent is invalid and void

18   under the provisions of Title 35, United States Code §§ 100 et seq., and specifically, §§ 101, 102, 103,

19   and/or 112 ...." *Qarbon*, 315 F. Supp. 2d at 1050. Here, Xilinx's claims of invalidity are substantively

20   indistinguishable, alleging only that the patents fail "to comply with one or more of the requirements

21   of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or

22   112." Compl. for Decl. J. ¶¶ 98, 162, 178, 189 and 253. This bare-bones recitation of statutes does not

23   meet the requirements of *Twombly* and *Iqbal* and does not put defendants on notice of the basis of

24   Xilinx's claims of invalidity.

25       Defendants also move to dismiss the non-infringement claims related to the five remaining

26   patents asserting the Xilinx's complaint "fails to identify a single accused product" that would provide

27   defendants with sufficient notice of what products or product components are in contention and why

28   they do not infringe on the patents at issue. Reply in Supp. of MTD at 5:6-7. Xilinx's complaint merely

United States District Court
For the Northern District of California

1  contends that it "has the right to engage in the manufacture, sale, use and/or importation of [] integrated

2  circuits without a license" to the patents.  Compl. for Decl. J. ¶¶ 92, 156, 172, 183, and 247.  In an action

3  for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the

4  products or conduct alleged not to infringe. *See Winstron*, 2011 WL 1654466, at *12; *see also Bender*

5  *v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11,

6  2010) (dismissing infringement complaint for failure to "provide fair notice to [d]efendants of the

7  specific infringements alleged" and noting that a complaint should identify the products or product

8  components at issue).  Without this level of specificity, there is "no way to adjudicate" an infringement

9  or non-infringement claim.  *Winstron*, 2011 WL 1654466, at *12.  Here, the complaint for declaratory

10  judgement does not allow defendants to assess the true nature of any potential counterclaims that they

11  have, nor can they mount a meaningful defense in the face of such bare allegations.  *See id*.

12      Defendants' motion to dismiss the invalidity and non-infringement claims pertaining to the five

13  remaining patents is GRANTED with leave to amend.

14

15      **D.      Dismissal of Defendants Who Do not Own Patents at Issue from the Action.**

16      Defendants demonstrate, and Xilinx does not dispute, that defendants Invention Investment Fund

17  I LLP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures

18  Management LLC are not the owners or assignees of any Patents-in-Suit.  *See* MTD at 15:16-19; Modi

19  Decl., Exs. F-U.  Accordingly, this Court finds that there is no case or controversy between Xilinx and

20  these four defendants that would support jurisdiction under the Declaratory Judgment Act.  *See Top*

21  *Victory Electronics*, 2010 WL 4722482, at *2 ("In order for a plaintiff to have standing in a declaratory

22  action involving allegations of patent infringement, the defendant must have a legal right in the patent

23  at issue that would allow the defendant to bring suit for infringement.").  The motion to dismiss the

24  defendants Invention Investment Fund I LLP, Invention Investment Fund II LLC, Intellectual Ventures

25  LLC, and Intellectual Ventures Management LLC is GRANTED without leave to amend.

26

27                              **CONCLUSION**

28      For the foregoing reasons and for good cause shown, the Court hereby DENIES Xilinx's motion

to enjoin defendants from prosecuting the action in the District of Delaware.  (Docket No 56)

The Court GRANTS defendants' motion to dismiss defendants Invention Investment Fund I LLP, Invention Investment Fund II LLC, Intellectual Ventures LLC, and Intellectual Ventures Management LLC from this action, without leave to amend.  (Docket No 39)

The Court GRANTS defendants' motion to dismiss the invalidity and non-infringement claims concerning the five patents owned by defendants IV I and IV II that are not part of the Delaware Action (patents '527, '415, '865, '001 and '301), with leave to amend.  The amended complaint shall be filed on or before Friday, August 18, 2011.

The Court GRANTS defendants' motion to dismiss the claims concerning the seven patents not owned by defendants (patents '251, '736, '165, '331, '350, '497 and '061), without leave to amend.

The Court GRANTS defendants' motion to sever and transfer to the District of Delaware the claims concerning the patents that are part of the Delaware Action (patents '325, '087, '646 and '669).

The Case Management Conference set for July 29, 2011 at 2:30 p.m. remains on calendar.

**IT IS SO ORDERED.**

Dated:  July 27, 2011

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

11